NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AREAS USA SJC, LLC,<br><br>    Plaintiff,<br>  v.<br><br>MISSION SAN JOSE AIRPORT, LLC; ET AL.,<br><br>    Defendants.<br>_____/ | No. C11-04487 HRL<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO STRIKE THE SECOND AMENDED ANSWER; (2) GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS IN THE FIRST AMENDED ANSWER; AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN THE FIRST AMENDED ANSWER**<br><br>[Re: Docket No. 29, 30, 33, 34] |

    Plaintiff Areas USA SJC, LLC ("Areas") filed this action against Mission San Jose Airport, LLC and Mission Yogurt, Inc. (collectively "Mission") alleging breach of contract. Dkt. No. 1 ("Complaint"). Areas has contracted with the City of San Jose ("City") to provide concessions throughout the San Jose Airport ("Airport"). Complaint ¶ 8. Areas executes subcontracts with various entities to build out and operate portions of the concession space it controls. Complaint ¶ 9. Areas and Mission executed one such subcontract for a portion of the Airport's concession space known as TA-21 ("TA-21" or "the space"). Complaint ¶¶ 10, 12. Areas alleges that Mission breached the subcontract by failing to build out and operate a restaurant in the space, and by violating numerous other provisions.

Mission timely answered Areas's complaint and counterclaimed for fraud in the inducement and breach of contract, contending that Areas made material misrepresentations about TA-21 in order to induce Mission to enter into the subcontract. Dkt. No. 11. Mission alleges that Areas knew TA-21 was located over airport security equipment and subject to special building restrictions that would make the build-out significantly more costly than Areas let on, and which would make the operation of concession in TA-21 unprofitable. Areas moved to dismiss Mission's counterclaims and to strike Mission's affirmation defenses. Dkt. No. 22. Mission then filed a First Amended Answer ("FAA") as a matter of course pursuant to Fed. R. Civ. P. 15(a). Dkt. No. 27. Areas moved to dismiss the counterclaims in the FAA and to strike the affirmative defenses therein, to which Mission responded by filing a Second Amended Answer ("SAA"). Dkt. Nos. 29, 30, 32. Areas then moved to strike the SAA. Dkt. No. 34. Mission opposed the motion. Dkt. No. 37. The court deemed the motion suitable for determination without oral argument, pursuant to Civil L. R. 7-1(b) and vacated the hearing set for March 13, 2012. All parties have expressly consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). Based on the moving papers and all applicable authority, the court rules as follows.

I.  Areas's Motion to Strike the SAA

"A party may amend its pleading once as a matter of course. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)-(b). Any subsequent amendment requires leave or consent. In re Crazy Eddie Sec. Litig., 792 F. Supp. 197, 203-204 (E.D.N.Y. 1992); see also Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 203 (7th Cir. 1985) (holding that both technical and substantive amendments require leave or consent after pleading has been amended once).

Areas argues that Mission improperly filed its SAA without leave of court in response to the motions to dismiss and to strike portions of the FAA. Dkt. No. 34 ("Motion to Strike SAA"). Mission argues in response that Fed. R. Civ. P. 15(a) permits one amendment as of right to *every* Rule 12 motion. Mission's position is an incorrect statement of the law, which clearly holds that parties may amend a pleading only once without leave of court. Mission also argues that it and

Areas discussed a potential stipulation permitting Mission to amend the FAA, but since no stipulation has been filed, this argument is equally unavailing. Dkt. No. 37, pp. 10-11.

Accordingly, Areas's motion to strike is GRANTED. The SAA is hereby stricken.

II. <u>Areas's Motion to Dismiss the Counterclaims in the FAA</u>

LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 55 (2007). However, only plausible claims for relief will survive a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id</u>. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. <u>Van Buskirk v. Cable News Network, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996); <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir. 1995) (citing <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001) (citing <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994)), <u>amended on other grounds by</u> 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to

amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). A complaint may be dismissed with prejudice when plaintiff has "multiple opportunities to amend and [is] unable to cure the defects that required dismissal of [] previous complaints." Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1060 (9th Cir. 2008).

DISCUSSION

Areas moves to dismiss Mission's counterclaims for fraud in the inducement, rescission of the contract, and, in the alternative, breach of contract, alleging that the counterclaims fail to state a claim upon which relief can be granted. Dkt. No. 29. In fact, Mission's counterclaims consist of two claims: fraud in the inducement, for which rescission is the remedy sought, and an alternative claim for breach of contract.

A. Fraud in the Inducement

Fed. R. Civ. P. 9(b) requires that in all claims for fraud, the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. Lazar v. Super. Ct., 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996). "Fraud in the inducement is a subset of fraud. It 'occurs when the promisor knows what he is signing but his consent is induced by fraud.'" Parino v. Bidrack, Inc., 2011 U.S. Dist. LEXIS 109543, *10 (N.D. Cal. Sept. 26, 2011) (quoting Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996).

Areas argues that the FAA's counterclaim for fraud in the inducement is not sufficiently specific to meet the requirements of Fed. R. Civ. P. 9(b). Dkt. No. 29, pp. 4-11. Mission alleges that Areas and its employees represented to Mission that there were no additional building restrictions on TA-21 beyond the codes applicable to the rest of the Airport concession space. FAA ¶ 13. Mission alleges that Areas knew about the additional building restrictions at all relevant times and, through an employee named Huy Pham, specifically withheld this key information to induce Mission to sign the subcontract. FAA ¶¶ 13, 16, 28. Mission also alleges that it was not permitted to tour the space before the subcontract was executed, and therefore had to rely on Areas's representations as to the location and condition of the space. FAA ¶ 16, 27. Finally, it alleges that it expended over $100,000 in design work before it realized that the total costs of build out and operation would be far more than Areas led Mission to believe, making the venture unprofitable. FAA ¶ 31. But, Mission leaves out the key factual elements about *when*, *where*, and *how* the alleged misrepresentations were made. Although the court has not reviewed the now-stricken SAA in depth, it does appear that the SAA includes additional facts that address the "when, where, and how" of the alleged fraud, which may be sufficient to survive another similar motion to dismiss.

Areas also argues that the fraud claim must be dismissed because Mission has failed to allege that Areas had a duty to disclose material facts during the subcontract negotiations. "The general rule for liability for nondisclosure is that even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose." Pension Trust Fund v. Fed. Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002) (citing Kovich v. Paseo Del Mar Homeowners' Ass'n, 41 Cal. App. 4th 863, 866 (1996)). But, the cases Areas cites in support of this proposition also note that a duty to disclose does arise under certain conditions. Most importantly, California and 9th Circuit authority hold that when a party does make representations as to material facts, it must make truthful and complete representations. See Reyes v. Atlantic Richfield Co., 12 F.3d 1464, 1472 (9th Cir. 1993) (holding that in arms-length business transactions, a party who "made representations about the store's potential profitability based on past performance . . . would then have a duty to disclose [all relevant material facts] regardless of whether a confidential or fiduciary relationship existed");

5

Cicone v. URS Corp., 183 Cal. App. 3d 194, 201 (Cal. App. 5th Dist. 1986) (stating that even in a non-fiduciary relationship, "where one [party to a contract negotiation] does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated"). If Areas made representations about the profitability of TA-21, as well as the cost of building out the space, as Mission has alleged it did, then Areas did have a duty to disclose all material facts relevant to those representations, including any information that might qualify or contradict its representations as to costs and profitability. Of course, this point does not cure the problem, explained above, that Mission's claim is not stated with particularity.

Accordingly, because the FAA does not set forth the claim for fraud with the requisite particularity, Areas's motion to dismiss is GRANTED as to this claim. But, because the court concludes, based on the allegations contained in the SAA, that Mission could potentially amend its answer to state a viable claim, the claim is dismissed with leave to amend.

B. Breach of Contract

Areas next argues that Mission's counterclaim for breach of contract also fails to state a claim upon which relief can be granted. Dkt. No. 29, pp. 11-12. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Sec. Pacific Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990).

Mission's claim is that the subcontract included an express warranty by Areas that Areas had no additional agreement with the City with respect to TA-21 beyond the concession contract between Areas and the City. FAA ¶ 41. It then alleges that Areas made an additional agreement with the City to abide by the special building restrictions in TA-21, and this constituted a breach of its agreement with Mission. FAA ¶¶ 41-42. Areas argues in its motion to dismiss that Mission had an opportunity to review the concession contract because it was attached to the subcontract. Dkt. No. 29, pp. 11-12.

Areas argues that Mission's claim is "nonsensical" without actually addressing the merits of the claim. Dkt. No. 29, p. 11. Mission does not allege that it had no opportunity to review the concession contract before signing its contract with Areas. Rather, Mission's claim is that Areas had

6

an *additional* agreement with the City of San Jose to impose special building restrictions on TA-21, and that the existence of this additional agreement constitutes a breach of the contract between Mission and Areas. FAA ¶ 42. Mission provides little factual support for this claim. Mission has not provided any facts in the FAA to support its argument that Areas executed an agreement with the City outside the concession contract to impose the additional restrictions. It also has not satisfactorily alleged that it has performed on its contract or is excused from performance. Without having analyzed the SAA in depth, the court concludes that the allegations contained therein do not cure these insufficiencies.

Accordingly, Areas's motion to dismiss should be GRANTED as to the claim for breach of contract, with leave to amend.

III.  Areas's Motion to Strike the FAA's Affirmative Defenses

Finally, Areas moves to strike all of Mission's affirmative defenses under Fed. R. Civ. P. 12(f), arguing that they don't meet the relevant plausibility standards for pleadings. Dkt. No. 30. The test for sufficiency of an affirmative defense is whether it gives plaintiff "fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). "[B]are statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted. CTF Dev., Inc. v. Penta Hospitality, LLC, 2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26, 2009). But, "a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.' Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (quoting William Z. Salcer, Panfield, Edelman v. Edicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984)).

The courts are not unanimous in applying the plausibility standard to affirmative defenses, but the courts of this district tend to apply a plausibility standard even to affirmative defenses. In CTF Dev., Inc., the court struck affirmative defenses that were completely bare assertions, but did not strike those that included even a minimal explanation for the defense. See CTF Dev., Inc., 2009 U.S. Dist. LEXIS 99538 at *24. Thus, even minimal supporting facts in an affirmative defense will suffice to "give notice" to the plaintiff and survive a motion to strike.

7

Accordingly, affirmative defenses 1-2 and 4 are hereby STRICKEN, because they provide no more than bare, conclusory assertions and fail to give "fair notice" to plaintiff. Mission may reassert these affirmative defenses in an amended pleading, with sufficient supporting allegations.

The remaining affirmative defenses clearly "rely on the same facts as proffered to support the counterclaim," and are therefore sufficiently pled. See CTF Dev., Inc., 2009 U.S. Dist. LEXIS 99538 at *24 (holding affirmative defenses properly pled when, "[w]ith the counterclaim's additional supporting facts," they provided notice as to the basis for the defense). Accordingly, Areas's motion to strike is DENIED as to affirmative defenses 3, and 5-8.

## IV. CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Areas's motion to strike the SAA is GRANTED;

2. Areas's motion to dismiss the FAA's counterclaims is GRANTED, with leave to amend; AND

3. Areas's motion to strike the FAA's affirmative defenses is GRANTED IN PART AND DENIED IN PART. Affirmative defenses 1, 2 and 4 are STRICKEN.

Mission may file and serve on plaintiff an amended Answer within 14 days from the date of this order. Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent defendant intends to assert new or different claims for relief or add new parties, it must make an appropriate application pursuant to Fed. R. Civ. P. 15.

Dated: May 18, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04487 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Karin Bohmholdt | bohmholdtk@gtlaw.com |
| Scott Bertzyk | bertzyks@gtlaw.com |
| Denise Mayo | mayod@gtlaw.com |
| Daniel Rockey | daniel.rockey@hro.com |
| Meryl Macklin | meryl.macklin@bryancave.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**