**\*\* E-filed August 20, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AREAS USA SJC, LLC,<br><br>        Plaintiff,<br>  v.<br><br>MISSION SAN JOSE AIRPORT, LLC; ET AL.,<br><br>        Defendants. | No. C11-04487 HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION**<br><br>[Re: Docket No. 62] |

In this action for breach of contract, defendants Mission San Jose Airport LLC and Mission Yogurt, Inc. (collectively "Mission") now apply for leave to file a motion for reconsideration of this court's August 1, 2012 Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Mission's Amended Counterclaims. See Dkt. No. 61 ("Order"). Defendants argue that this court failed to consider material legal arguments and improperly resolved an issue of fact in plaintiff's favor while ruling on plaintiff's motion to dismiss defendants' second amended counterclaims.

The moving party in a motion for leave to file a motion for reconsideration must show that: (1) a material difference in fact or law exists from that which was presented to the court, and the party did not know of such fact or law before entry of the order; (2) new material facts or a change of law occurred after the entry of the order; or (3) the court failed to consider material facts or legal arguments presented before entry of the order. Civ. L.R. 7-9(b); see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (Absent "other, highly unusual, circumstances," "[r]econsideration is appropriate if the district court (1) is presented with

newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citing All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)).

Mission alleges that this court failed to consider material legal arguments that it presented in its opposition papers and at hearing on the motion to dismiss in support of its breach of contract claim. Dkt. No. 62, p. 4. Mission claimed in its Second Amended Counterclaims that plaintiff breached the subcontract between the parties by failing to disclose to Mission that it had made an "additional agreement" with the City of San Jose to inform any potential subconcessionaire of the special building restrictions associated with the airport's CTX machines. The court found that Mission had not alleged facts sufficient to show that any "additional agreement" was made. Specifically, it concluded that, "[t]he conversations alleged do not create a contract. Rather, they further support Mission's fraudulent inducement claim." Order, p. 9.

Mission now contends that, in so ruling, this court improperly made a finding of fact about the meaning of the term "additional agreement." Although both parties had ample opportunity in their moving papers and at hearing to inform the court that the meaning of this term was at issue, neither party did so. In fact, this court asked Mission at the July 31 hearing whether it felt it had adequately pled the elements of a contract—offer, acceptance, and consideration—in support of its assertion that an "additional agreement" had been made. Mission's counsel told the court that Mission had so pled.[1] As the meaning of the term "additional agreement" was never put at issue in the motion to dismiss, the court cannot conclude that it failed to consider a material legal argument presented to it before the entry of the August 1 Order.

---

[1] Mission's counsel then briefly argued that it had no obligation to show that the alleged additional agreement was a binding agreement, that there was consideration, or that any other element of contract was met as long as it believed that the term "additional agreement" was subject to interpretation. This argument was never raised in Mission's pleadings or moving papers, and Mission never requested that the court consider the need to interpret the meaning of the term "additional agreement" before entry of the August 1 Order. Even if Mission had raised this issue in such a way that the court could have seriously considered it, it appears to fly in the face of federal pleading standards, which require that all pleadings rise to the level of plausibility. Mission's proffered reasoning would allow any breach of contract claim, no matter how meager, to survive a motion to dismiss so long as the pleading party believed that some contract term might be subject to interpretation, even if it never informed the court of that belief.

Therefore, Mission's instant motion lacks merit, because it raises a legal argument that was never presented to the court before entry of the August 1 Order. No other basis for reconsideration exists. To the extent that Mission fears the court has improperly made a factual finding about the meaning of the term "additional agreement," the court now clarifies: It used the term "contract" to describe the alleged "additional agreement" because no party argued that an additional agreement might consist of something other than a contract. The court makes no finding as to the appropriate interpretation of the term "additional agreement," and should interpretation of that term be relevant to either of the parties' claims, the court will address it at the appropriate time. Although the court may, at a later time, make a finding as to the scope of the term "additional agreement," it continues to hold that Mission failed to allege facts sufficient to show that *any* agreement was made in support of its breach of contract claim as pled in its Second Amended Counterclaims.

Mission next contends that even if this court was justified in dismissing its breach of contract claim, it was improper to dismiss it without leave to amend. Dkt. No. 62, p. 8. Mission contends that it had only one opportunity to amend its claim, but this is patently untrue. See id. Mission first attempted to state a breach of contract claim in its First Amended Counterclaims. Dkt. No. 27, pp. 16-17. Plaintiff moved to dismiss, and Mission improperly filed a Second Amended Answer with Counterclaims, which included a revised breach of contract claim. The court struck the improperly filed Second Amended Answer and Counterclaims, and dismissed the First Amended Counterclaims, with leave to amend.[2] Mission then filed its now-operative pleading, the Second Amended Answer and Counterclaims. Therefore, the most recent version of Mission's breach of contract claim is the third iteration of the claim, and Mission's fourth attempt at pleading counterclaims. The court certainly has no obligation to allow Mission any more opportunities to amend its claim.

Accordingly, Mission having failed to offer valid grounds for filing a motion for reconsideration, its motion is DENIED.

---

[2] In that Order, the court concluded that the First Amended Counterclaim for breach of contract was insufficiently pled because, among other deficiencies, it included no allegation that Areas had actually "executed an agreement" with the City outside the Prime Contract, and it noted that the improperly filed Second Amended Counterclaim did not appear to correct the deficiencies. Dkt. No. 47.

3

1 **IT IS SO ORDERED.**

2 Dated: August 20, 2012

3 _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04487 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Karin Bohmholdt | bohmholdtk@gtlaw.com |
| Scott Bertzyk | bertzyks@gtlaw.com |
| Denise Mayo | mayod@gtlaw.com |
| Daniel Rockey | daniel.rockey@hro.com |
| Meryl Macklin | meryl.macklin@bryancave.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**