*E-filed: October 24, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AREAS USA SJC, LLC,<br><br>    Plaintiff,<br>  v.<br><br>MISSION SAN JOSE AIRPORT, LLC; ET AL.,<br><br>    Defendants. | No. C11-04487 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**[Dkts. 72, 97]** |

Areas USA SJC, LLC ("Areas") sued Mission San Jose Airport, LLC and Mission Yogurt, Inc. (collectively "Mission") alleging breach of a concession contract ("the subcontract") for the build-out and operation of concession space known as TA-21 ("the space" or "TA-21") in the Norman Y. Mineta San Jose International Airport ("Airport"). Mission counterclaimed, alleging fraud in the inducement, contending that Areas made material misrepresentations about the viability of building out TA-21 as a food concession and failed to disclose material facts in an effort to induce Mission to enter the subcontract. Mission also asserted fraud as an affirmative defense to the breach of contract claim. On October 16, 2012, this Court heard Areas' motion for summary judgment on the fraud counterclaim and affirmative defense.[1] Based on the papers filed by the parties, as well as the arguments of counsel, the motion is denied.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned magistrate judge.

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir.2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See* Fed. R. Civ. P. 56(e); *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id*. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

In determining whether summary judgment is warranted, it is not the court's role to weigh the evidence. *Anderson*, 477 U.S. at 249. The evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987). Summary judgment is not appropriate if the nonmoving party presents evidence from which a reasonable factfinder could resolve the material issue in its favor. *Anderson*, 477 U.S. at 248.

The necessary elements of a claim for fraud are:

(1) Misrepresentation (false representation, concealment, or nondisclosure of a material fact);
(2) Knowledge of falsity (or "scienter");
(3) Intent to defraud, *i.e.*, to induce reliance;
(4) Justifiable reliance; and
(5) Resulting damage.

*In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008).

In its moving papers, and even in its reply[2], Areas submits much evidence to challenge the allegations of fraud brought against it. Mission, however, comes back with enough admissible evidence to show that there are genuine issues of material fact that a jury must decide. Specifically, the declarations of Justin Jackson, Stanley Jackson, and Roderick Tafoya, raise material issues of fact as to each element of Mission's fraud counter-claim and affirmative defense. Areas raised evidentiary objections to these declarations, and, although the Court sustains some of the objections, the Court examined the remaining admissible evidence and found it more than adequate to provide a basis for denying Areas' motion for summary judgment.

Based on the foregoing, Areas' motion for summary judgment is DENIED.

Dated: October 24, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] With its reply papers, Areas submitted a declaration with over a hundred pages of exhibits. Mission objected to the reply. Areas then submitted an application for leave to file an objection to defendants' sur-reply. (Dkt. 97). The Court has reviewed more than enough material to be satisfied that the case will present disputed material facts to the jury. Areas' application for leave to file an objection is denied.

**C11-04487 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Karin Bohmholdt | bohmholdtk@gtlaw.com |
| Scott Bertzyk | bertzyks@gtlaw.com |
| Denise Mayo | mayod@gtlaw.com |
| Daniel Rockey | daniel.rockey@hro.com |
| Meryl Macklin | meryl.macklin@bryancave.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4