1  SCOTT D. BERTZYK (SBN 116449)
2  DENISE M. MAYO (SBN 275561)
   GREENBERG TRAURIG, LLP
3  1840 Century Park East, Suite 1900
   Los Angeles, California  90067
4  Tel: (310) 586-7700; Fax: (310) 586-7800
   E-mail: *BertzykS@gtlaw.com*

5  Attorneys for Plaintiff,
6  AREAS USA SJC, LLC

7  DANIEL T. ROCKEY (SBN 178604)
   BRYAN CAVE LLP
8  560 Mission Street, 25th Floor
   San Francisco, California  94105
9  Tel: (415) 268-2000; Fax: (415) 268-1999
   E-mail: *Daniel.Rockey@bryancave.com*

10 Attorneys for Defendants,
11 MISSION SAN JOSE AIRPORT, LLC,
   AND MISSION YOGURT, INC.

12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16 AREAS USA SJC, LLC, a California limited   **CASE NO.  C11-04487 HRL**
   liability company,
17                                            **JOINT PROPOSED JURY INSTRUCTIONS**
                      Plaintiff,
18
   vs.
19                                            Magistrate Judge:   Hon. Howard Lloyd
20 MISSION SAN JOSE AIRPORT, LLC, a
   Colorado limited liability corporation; and
21 MISSION YOGURT, INC., a Colorado
   corporation,
22                                            Complaint filed:  September 9, 2011
                      Defendants.             Trial Date:        January 7, 2013
23

24 and related Counterclaim.

25

26

27

28

              **JOINT PROPOSED JURY INSTRUCTIONS**

1       Pursuant to the Court's "Standing Order Re: Pretrial Preparation" ("Standing Order")

2  Plaintiff Areas USA SJC, LLC ("Areas") and Defendants/Counterclaimants Mission San Jose

3  Airport, LLC and Mission Yogurt, Inc. (collectively "Mission") hereby submit their Joint Proposed

4  Jury Instructions.  Attached hereto as **Exhibit 1** are Plaintiff's proposed jury instructions.  Where

5  Defendants have been unable agree to Plaintiff's proposed instructions, Defendants have provided

6  the ground for their objection and/or an alternative proposed instruction, as ordered by the Court.

7  Attached hereto as **Exhibit 2** are Defendants' proposed jury instructions.  Where Plaintiff has been

8  unable agree to Defendants' proposed instructions, Plaintiff has provided the ground for its objection

9  and/or an alternative proposed instruction, as ordered by the Court.

10       The jury instructions contained in Exhibits 1 and 2 in which no objections appear are the

11  unchallenged jury instructions which the parties propose jointly.

14  Dated: December 4, 2012       GREENBERG TRAURIG, LLP

16       By:_/s/ Scott D. Bertzyk_
     Scott D. Bertzyk

17       Attorneys for Plaintiff and Counter-Defendant,
     AREAS USA SJC, LLC

19  Dated: December 4, 2012       BRYAN CAVE, LLP

21       By:_/s/ Daniel T. Rockey_
     Daniel T. Rockey

22       Attorneys for Defendants and Counter-Claimants
     MISSION SAN JOSE AIRPORT, LLC and MISSION
     YOGURT, INC.

1

<u>ATTESTATION CLAUSE</u>

2      I, Denise M. Mayo, am the ECF User whose ID and password are being used to file this

3  JOINT PRETRIAL STATEMENT AND REPORT.  In compliance with General Order 45, X.B., I

4  hereby attest that Daniel T. Rockey has concurred in this filing.

5

6  Date:  December 4, 2012                    GREENBERG TRAURIG LLP

7

8                                             By:  <u>/s/  Denise M. Mayo</u>
                                                   Denise M. Mayo
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WPB 382,928,522v1 11-30-12

# JOINT PROPOSED JURY INSTRUCTIONS

# EXHIBIT 1

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __

Evidence for Limited Purpose

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The testimony you have just heard regarding the relocation of the premises at issue, the TA-21 space, may be considered only for the limited purpose of proving that the premises were relocated prior to contract between Areas and Mission, and why. The testimony may not be considered for any other purpose, such as for evidence of issues with the premises after the relocation occurred.

LA 130,635,203v1

1 | Source:  Model Civ. Jury Instr. 9th Cir. 1.8 (2007)

2 |

3 | DEFENDANTS' OBJECTION: Defendants object to this instruction on the grounds that

4 | the reasons for the relocation or configuration and significance of the relocation are

5 | relevant for various purposes.

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __

Fraud — Right to Rely

To establish fraud by a false representation or promise, Mission must not only have acted in reliance on a false representation, but must be justified in that reliance; that is, it was reasonable in the light of the circumstances and Mission's intelligence, experience and knowledge, to accept the representation without making an independent inquiry or investigation.

LA 130,635,203v1

Source:  California Model Jury Instructions -- Civil 12.52

DEFENDANTS' OBJECTION: Defendants believe this instruction is duplicative of CACI 335, 1900, 1903, and 1907, all of which the parties agree to, and that the CACI instructions should be used.

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

LA 130,635,203v1

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __

Opinions as Statements of Fact

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters.  However, Areas' opinion is considered a representation of fact if Mission proves that:

Areas claimed to have special knowledge about the subject matter that Mission did not have; or

Areas had some other special reason to expect that Mission would justifiably rely on Areas' opinion.

5

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

LA 130,635,203v1

1    Source:  Judicial Council Of California Civil Jury Instruction 1904

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __

Fraud — Damages — Out of Pocket Rule

If you find that Mission is entitled to a verdict against Areas, you must then award Mission damages, if any, caused by the fraud upon which you base your finding of liability.

The amount of the award should include:

1. The difference, if any, between the actual value of that with which the plaintiff parted and the actual value of that which was received. This is sometimes referred to as the "out of pocket loss."

Actual value means market value. Market value means the highest price for which real or personal property would sell on the open market; the seller having a reasonable time within which to sell, and being willing to sell but not forced to do so; the buyer being ready, willing and able to buy but not forced to do so, and having a reasonable time and full opportunity to investigate the property in question and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

2. In addition to "out of pocket loss," if any, Mission is entitled to recover any additional damage arising from the particular transaction, including any of the following:

a. Amounts Mission actually and reasonably expended in reliance upon the fraud.
b. An amount which will compensate Mission for any loss of profits which were reasonably anticipated and would have been earned by Mission from the use or sale of

7

LA 130,635,203v1

1  the property had it possessed the characteristics attributed to it by Areas, or if it did not
2  have characteristics concealed from Mission, provided that lost profits from the use of the
3  property shall be recoverable only if and only to the extent that all of the following apply:
4
5  (i) Mission acquired the property for the purpose of using it for a profit.
6  (ii) Mission reasonably relied on a fraud in entering into the transaction and in
7  anticipating profits from the subsequent use of the property.
8  (iii) Any loss of profits for which damages are sought under this paragraph have been
9  caused by the fraud and Mission's reasonable reliance on it.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

LA 130,635,203v1

1  Source:  California Jury Instructions -- Civil 12.56

2

3  DEFENDANTS' OBJECTION: With one modification to reflect the concealment aspect

4  of Mission's fraud claim, Defendants have no objection.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __

Proof of Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mission, you must determine Mission's damages. Mission has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mission for any injury you find was caused by Areas.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

LA 130,635,203v1

1    Source:  Model Civ. Jury Instr. 9th Cir. 5.1 (2007)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

LA 130,635,203v1

# JOINT PROPOSED JURY INSTRUCTIONS

# EXHIBIT 2

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1   Meryl Macklin (CA State Bar No. 115053)
*meryl.macklin@hro.com*

2   Daniel T. Rockey (CA State Bar No. 178604)
*daniel.rockey@hro.com*

3   BRYAN CAVE LLP
560 MISSION Street, 25th Floor

4   San Francisco, CA  94105-2994

5   Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999

6

7   Attorneys for Defendants:

8   MISSION SAN JOSE AIRPORT, LLC and MISSION YOGURT, INC.

9

10               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13   AREAS USA SJC, LLC, a California limited     CASE NO. CV11-04487 HRL
    liability company,

14            Plaintiff,

15      v.                    DEFENDANTS' PROPOSED JURY
                              INSTRUCTIONS

16   MISSION SAN JOSE AIRPORT, LLC, a
    Colorado limited liability company, and     Trial Date:  Jan 7, 2013

17   MISSION YOGURT, INC., a Colorado
    corporation                     Courtroom:  Hon. Howard R. Lloyd

18            Defendants.

19

20

21

22

23

24

25

26

27

28

                                1

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1       Defendants Mission San Jose Airport, LLC and Mission Yogurt, Inc. (collectively,

2   "Mission"), propose the following substantive jury instructions.  Mission reserves the right to

3   supplement or revise these proposed instructions to respond to instructions proposed by Plaintiff.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

Breach of Contract--Introduction

Areas claims that it and Mission entered into a contract for the lease of space TA-21 at the San Jose Airport to be used by Mission for food service.   Areas claims that Mission breached this contract by failing to pay rent and other charges for the space.   Areas also claims that Mission's breach of this contract caused harm to Areas for which Mission should pay.   Mission denies that it has breached the lease and claims that there was no contract because Areas failed to disclose certain facts to Mission before the lease was signed and because Mission's agreement to the lease was obtained by fraud or mistake.

Source:  CACI 300

**Areas Proposed Instruction:**

In connection with the TA-21 space, Areas and Mission San Jose Airport entered into a Concession Subcontract for the Terminal A Premises (Trial Ex. 35); in essence, the Concession Subcontract provided that Mission San Jose Airport would lease and operate concessions in the Premises (defined in the contract), for which Areas is the prime concessionaire.  Mission Yogurt in turn executed a written Guaranty of the Concession Subcontract (Trial Ex. 36).  The parties have stipulated that (i) the Mission Defendants have not built out the TA-21 space, (ii) Mission San Jose Airport has not made any of the payments, or posted a letter of credit, as specified in the Subcontract, and (iii) Mission Yogurt has not made any payments under its Guaranty.  Areas seeks contract damages for these failures.  The Mission Defendants assert defenses to performance and the validity of the Concession Subcontract and Guaranty.  I will now instruct you further on such claim and defenses.

**Areas' Objection:**  Mission's proposed instruction is not neutrally worded and asserts a defense Mission has not even pled or been granted leave to assert.

3

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1   DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2   Breach of Contract--Essential Factual Elements

3

4   To recover damages from Mission for breach of contract, Areas must prove all of the

5   following:

6   1.   That Areas and Mission entered into a contract;

7   2.   That Areas did all, or substantially all, of the significant things that the contract

8   required it to do;

9   3.   That all conditions required by the contract for Mission's performance had occurred;

10  4.   That Mission failed to do something that the contract required it to do; and

11  5.   That Areas was harmed by that failure.

12

13  Source:  CACI 303

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

Improperly Obtained Consent


Normally, each party to a contract is bound by it and neither may cancel the contract or ignore any duties under it because, by hindsight, it turns out to have been a bad bargain. A contract is still valid even if it was based on bad judgment. However, consent to an agreement must be freely given. A party's consent is not freely given if two things are shown: (1) consent was obtained under circumstances that the law considers improper, and (2) consent would not have been given without the improper circumstances. I will now tell you what rules to apply to determine if Mission's consent to the contract was improperly obtained.


Source:  California Forms of Jury Instruction, § MB300G.05  (Matthew Bender)


**Areas' Proposed Instruction:**  Normally, each party to a contract is bound by it and neither may cancel the contract or ignore any duties under it because, by hindsight, it turns out to have been a bad bargain. A contract is still valid even if it was based on bad judgment.


**Areas' Objection:**  Areas has no problem with the first two sentences.  The rest of this proposed instruction, however, is argumentative and phrased in a way that could dilute the Mission Defendants' actual burden of proof.  It should be remembered that Mission's defense is a claim of fraud in the inducement that has very specific elements.  The end of this proposed instruction would dilute those elements.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1           DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2                 Consent Obtained by Mistake

3

4        A party may cancel a contract if its consent was given by mistake under the limited

5  circumstances about which I will now instruct you.

6

7

8  Source:  California Forms of Jury Instruction, § MB300G.20  (Matthew Bender)

9

10  **Areas' Objection:**  Mission has neither pleaded this defense nor been granted leave to assert

11  it.  Instead, Mission's case has been based on a claim of fraud in the inducement and Areas' has

12  tailored its discovery plan to meet that pleaded defense.  Areas' opposes Mission being given leave

13  to expand the case at this late date, as discovery would be required and the trial date would be lost.

14  Should Mission be given leave, Areas reserves the right to comment further to this Instruction.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

Affirmative Defense--Unilateral Mistake of Fact


Mission claims that there was no contract because it was mistaken about certain facts relating to space TA-21.  To succeed, Mission must prove all of the following:

      1.      That Mission was mistaken about the particular facts;

      2.      That Areas knew that Mission was mistaken and used that mistake to take advantage of it;

      3.      That Mission's mistake was not caused by its excessive carelessness; and

      4.      That Mission would not have agreed to enter into the contract if it had known about the mistake.

      If you decide that Mission has proved all of the above, then no contract was created.


Source:  CACI 330


**Areas' Objection:**  Mission has neither pleaded this defense nor been granted leave to assert it.  Instead, Mission's case has been based on a claim of fraud in the inducement and Areas' has tailored its discovery plan to meet that pleaded defense.  Areas' opposes Mission being given leave to expand the case at this late date, as discovery would be required and the trial date would be lost. Should Mission be given leave, Areas reserves the right to comment further to this Instruction.

82647.1
WPB 382,930,092v1 12-4-12

1          DEFENDANTS' PROPOSED INSTRUCTION NO. ____

2                Affirmative Defense—Bilateral Mistake

3

4          Mission claims that there was no contract because both parties were mistaken about certain

5   facts relating to space TA-21.  To succeed, Mission must prove both of the following:

6          1.        That both parties were mistaken about these facts; and

7          2.        That Mission would not have agreed to enter into this contract if it had known about

8   the mistake.

9          If you decide that Mission has proved both of the above, then no contract was created.

10

11  Source:  CACI 331

12

13         **Areas' Objection:**  Mission has neither pleaded this defense nor been granted leave to assert

14  it.  Instead, Mission's case has been based on a claim of fraud in the inducement and Areas' has

15  tailored its discovery plan to meet that pleaded defense.  Areas' opposes Mission being given leave

16  to expand the case at this late date, as discovery would be required and the trial date would be lost.

17  Should Mission be given leave, Areas reserves the right to comment further to this Instruction.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1 | DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2 | Affirmative Defense--Fraud

3

4 | Mission claims that no contract was created because its consent was obtained by fraud. To

5 | succeed, Mission must prove all of the following:

6 | 1.    That Areas concealed from Mission certain facts about space TA-21, or

7 | misrepresented the true facts about space TA-21;

8 | 2.    That Areas knew the true facts or that it made the representations without reasonable

9 | grounds for believing them to be true;

10 | 3.    That Areas concealed the information or misrepresented the true facts to persuade

11 | Mission to agree to the contract;

12 | 4.    That Mission reasonably relied on Areas' misstatements or that the information

13 | concealed by Areas was material; and

14 | 5.    That Mission would not have entered into the contract if it had known that the

15 | representation was not true or had known the true facts.

16 | If you decide that Mission has proved all of the above, then no contract was created.

17

18

19 | Source:  CACI 335 (modified)

20 | **Areas' Proposed Instruction:**

21 | Mission claims that no contract was created because its consent was obtained by fraud. To

22 | succeed, Mission must prove each of the following separate elements:

23 | 1.    That Areas concealed from, and/or misrepresented to, Mission material facts

24 | concerning the leased premises;

25 | 2.    That Areas knew the true facts or that it made the representations without reasonable

26 | grounds for believing them to be true;

27 | 3.    That Areas concealed the information or misrepresented the true facts with the intent

28 | of inducing Mission to agree to the contract;

9

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1        4.     That Mission reasonably and justifiably relied on Areas' alleged misstatements and/or

2    acted to its detriment based on Areas' alleged concealment; and

3        5.     That Mission was damaged thereby.

4        If Mission failed to prove even one of these elements, then the defense fails and there is a

5    valid contract.

6

7        **Areas' Objections to Mission's Proposed Instruction:**  Areas' proposed edits are modest.

8    Its primary objection is that Mission uses the moniker "space TA-21," which is ambiguous and

9    designed to feed into e-mails dealing with a different space using the same numerical designation.  It

10   also is argumentative in that it omits the requirement of materiality.  Finally, it omits the requirement

11   of damage, which is an element of the claim and would be necessary to make anything material.

12   Finally, fraud in the inducement, even if proven, merely renders a contract voidable at the claimant's

13   election.  It does not render it void.  Areas' proposed instruction cures these problems.  Finally, this

14   Instruction is redundant of the following instructions, so giving it here and there both could place

15   undue emphasis on Mission's claims.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

DFEFENDANTS' PROPOSED INSTRUCTION NO. ___

Intentional Misrepresentation


Mission claims that Areas made a false representation that harmed it. To establish this claim, Mission must prove all of the following:

1.      That Areas represented to Mission that an important fact was true;

2.      That Areas' representation was false;

3.      That Areas knew that the representation was false when it made it, or that it made the representation recklessly and without regard for its truth;

4.      That Areas intended that Mission rely on the representation;

5.      That Mission reasonably relied on Areas' representation;

6.      That Mission was harmed; and

7.      That Mission's reliance on Areas' representation was a substantial factor in causing its harm.


Source:  CACI 1900

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1    DEFENDANTS' PROPOSED INSTRUCTION NO. _____

2                              Concealment

3

4        Mission claims that it was harmed because Areas concealed certain information. To establish

5    this claim, Mission must prove all of the following:

6        1.    That Areas disclosed some facts to Mission but intentionally failed to disclose other

7    fact(s), making the disclosure deceptive; or that Areas intentionally failed to disclose an important

8    fact that was known only to it and that Mission could not have discovered; or that Areas actively

9    concealed an important fact from Mission or prevented it from discovering that fact;

10       2.    That Mission did not know of the concealed fact;

11       3.    That Areas intended to deceive Mission by concealing the fact;

12       4.    That Mission reasonably relied on Areas' deception;

13       5.    That Mission was harmed; and

14       6.    That Areas' concealment was a substantial factor in causing Mission's harm.

15

16

17   Source:  CACI 1901

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1      DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2        Fraud (Negligent Misrepresentation)

3

4   Mission claims it was harmed because Areas negligently misrepresented an important fact.

5 To establish this claim, Mission must prove all of the following:

6    1.  That Areas represented to Mission that an important fact was true;

7    2.  That Areas' representation was not true;

8    3.  That Areas had no reasonable grounds for believing the representation was true when

9 it made it;

10    4.  That Areas intended that Mission rely on this representation;

11    5.  That Mission reasonably relied on Areas' representation;

12    6.  That Mission was harmed; and

13    7.  That Mission's reliance on Areas' representation was a substantial factor in causing

14 its harm.

15

16

17 Source: CACI 1903

18

19  **Areas' Objection:**  Mission has neither pleaded this claim nor been granted leave to assert it.

20 Instead, Mission's case has been based on a claim of intentional fraud in the inducement and Areas'

21 has tailored its discovery plan to meet that pleaded defense.  Areas' opposes Mission being given

22 leave to expand the case at this late date, as discovery would be required and the trial date would be

23 lost.  Should Mission be given leave, Areas reserves the right to comment further to this Instruction.

24

25

26

27

28

13

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1

DEFENDANTS' PROPOSED INSTRUCTION NO. __

2

Duty to Disclose--Sole Access

3

4       A duty to disclose important facts arises when one party to a contract has sole knowledge or

5   access to important facts and knows that these facts are not known to or reasonably discoverable by

6   the other party.

7

8   Source:  California Forms of Jury Instruction, § MB300G.43  (Matthew Bender)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2

Active Prevention of Investigation

3

4        Normally, a party to a contract has a right to remain silent about facts within its knowledge

5    that might affect the other party's decision to enter into a contract. However, a party who actively

6    prevents investigation and discovery of important facts by the other party is under a duty to disclose

7    those facts.

8

9

10   Source:  California Forms of Jury Instruction, § MB300G.45  (Matthew Bender)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82647.1
WPB 382,930,092v1 12-4-12

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

Definition of Important Fact/Promise

A fact is important if it would influence a reasonable person's judgment or conduct. A fact is also important if the person who represents it knows that the person to whom the representation is made is likely to be influenced by it even if a reasonable person would not.

Source:  CACI 1905

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

DEFENDANTS' PROPOSED INSTRUCTION NO. ___

Reliance

Mission relied on Areas' misrepresentation or concealment if it caused it to enter into a contract for the lease of space TA-21, and if it would probably not have done so without such misrepresentation or concealment.

It is not necessary for a misrepresentation or concealment to be the only reason for Mission's conduct. It is enough if a misrepresentation or concealment substantially influenced Mission's choice, even if it was not the only reason for its conduct.

Source: CACI 1907

**Areas' Objection:** Area's objects to the use of the phrase "space TA-21" for reasons noted above. The instruction should use the term leased premises. Also, CACI 1908 should be given.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1              DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2                      Rescission for Breach

3

4       A party to a contract may cancel the contract if the other party breaches the contract by

5   failing to perform an important part of what he or she promised to do. Something is an important

6   part of a party's promised performance under a contract if a reasonable person would not have made

7   the contract if that part of the promise had not been made.

8

9   Source:  California Forms of Jury Instruction, § MB300G.08  (Matthew Bender)

10

11     **Areas' Objection:**  This instruction is inapplicable to the claims and defenses pleaded in this

12   case.  It can only sow confusion.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1

DEFEDANTS' PROPOSED INSTRUCTION NO. ____

2

Mitigation of Damages

3

4     If Mission breached the contract and the breach caused harm, Areas is not entitled to recover

5     damages for harm that Mission proves Areas could have avoided with reasonable efforts or

6     expenditures. You should consider the reasonableness of Areas' efforts in light of the circumstances

7     facing it at the time, including its ability to make the efforts or expenditures without undue risk or

8     hardship.

9     If Areas made reasonable efforts to avoid harm, then your award should include reasonable

10    amounts that it spent for this purpose.

11

12

13    Source:  CACI 358

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

1                          DEFENDANTS' PROPOSED INSTRUCTION NO. ___

2                                       Punitive Damages

3          If you decide that Areas' conduct caused Mission harm, you must decide whether that

4   conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a

5   wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

6          You may award punitive damages against Areas only if Mission proves that Areas engaged

7   in that conduct with malice, oppression, or fraud. To do this, Mission must prove one of the

8   following by clear and convincing evidence:

9          1.      That the conduct constituting malice, oppression, or fraud was committed by one or

10  more officers, directors, or managing agents of Areas who acted on behalf of Areas; or

11         2.      That the conduct constituting malice, oppression, or fraud was authorized by one or

12  more officers, directors, or managing agents of Areas; or

13         3.      That one or more officers, directors, or managing agents of Areas knew of the

14  conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it

15  occurred.

16          "Malice" means that Areas acted with intent to cause injury or that Areas' conduct was

17  despicable and was done with a willful and knowing disregard of the rights or safety of another. A

18  person acts with knowing disregard when he or she is aware of the probable dangerous consequences

19  of his or her conduct and deliberately fails to avoid those consequences.

20          "Oppression" means that Areas' conduct was despicable and subjected Mission to cruel and

21  unjust hardship in knowing disregard of its rights.

22          "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked

23  down on and despised by reasonable people.

24          "Fraud" means that Areas intentionally misrepresented or concealed a material fact and did

25  so intending to harm Mission.

26          An employee is a "managing agent" if he or she exercises substantial independent authority

27  and judgment in his or her corporate decisionmaking such that his or her decisions ultimately

28  determine corporate policy.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1    There is no fixed formula for determining the amount of punitive damages, and you are not

2  required to award any punitive damages. If you decide to award punitive damages, you should

3  consider all of the following factors in determining the amount:

4    (a)    How reprehensible was Areas' conduct? In deciding how reprehensible Areas'

5  conduct was, you may consider, among other factors:

6        1.    Whether the conduct caused physical harm;

7        2.    Whether Areas disregarded the health or safety of others;

8        3.    Whether Mission was financially weak or vulnerable and Areas knew Mission

9  was financially weak or vulnerable and took advantage of it;

10        4.    Whether Areas' conduct involved a pattern or practice; and

11        5.    Whether Areas acted with trickery or deceit.

12    (b)    Is there a reasonable relationship between the amount of punitive damages and

13  Mission's harm or between the amount of punitive damages and potential harm to Mission that

14  Areas knew was likely to occur because of its conduct?

15    (c)    In view of Areas' financial condition, what amount is necessary to punish it and

16  discourage future wrongful conduct?  You may not increase the punitive award above an amount

17  that is otherwise appropriate merely because Areas has substantial financial resources.

18

19  **Areas' Proposed Instruction:**  Source: California Civil Code, section 3294(a)-(c) (modified)

20    On a claim for the breach of an obligation not arising from contract, if Mission has proven by

21  clear and convincing evidence that Areas has been guilty of oppression, fraud, or malice, Mission, in

22  addition to the actual damages, may recover damages for the sake of example and by way of

23  punishing Areas.

24    Areas cannot be held liable based upon acts of an Areas employee unless Areas had advance

25  knowledge of the unfitness of the employee and employed him or her with a conscious disregard of

26  the rights or safety of others or authorized or ratified the wrongful conduct for which the damages

27  are awarded or was personally guilty of oppression, fraud, or malice.

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
WPB 382,930,092v1 12-4-12

1    The advance knowledge and conscious disregard, authorization, ratification or act of

2    oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the

3    corporation.

4    (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or

5    despicable conduct which is carried on by the defendant with a willful and conscious disregard of the

6    rights or safety of others.

7    (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in

8    conscious disregard of that person's rights.

9    (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact

10   known to the defendant with the intention on the part of the defendant of thereby depriving a person

11   of property or legal rights or otherwise causing injury.

12

13

14   **Areas' Objections:**   This Instruction violates the Court's Standing Order in multiple ways;

15   in that, it does not even identify a source; it is argumentative; and it covers multiple subjects.  There

16   are standard punitive damage instructions.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82647.1
*WPB 382,930,092v1 12-4-12*

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles CA 90067**.

On December 4, 2012, I served **JOINT PROPOSED JURY INSTRUCTIONS** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Daniel Rockey                                          Attorney for Defendant
Meryl Macklin
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

Tel: (415) 286-1986
Fax: (415) 268-1999

☐  **(BY FEDERAL EXPRESS)**
     I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐  **(BY U.S. MAIL)**
     I served the above-mentioned document by enclosing it in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for colleting and processing correspondence for mailing.

☒  **(BY CM/ECF)**
     Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/CMF system.

☒  **(FEDERAL)**          I declare under penalty of perjury that the foregoing is true and correct, and that I am Employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 4, 2012 at Los Angeles, California.

_____
Harpo Sidhu

PROOF OF SERVICE