1  SCOTT D. BERTZYK (SBN 116449)
2  DENISE M. MAYO (SBN 275561)
   GREENBERG TRAURIG, LLP
3  1840 Century Park East, Suite 1900
   Los Angeles, California  90067
4  Tel: (310) 586-7700; Fax: (310) 586-7800
   E-mail: *BertzykS@gtlaw.com*

5  Attorneys for Plaintiff,
   AREAS USA SJC, LLC
6
   DANIEL T. ROCKEY (SBN 178604)
7  BRYAN CAVE LLP
8  560 Mission Street, 25th Floor
   San Francisco, California  94105
9  Tel: (415) 268-2000; Fax: (415) 268-1999
   E-mail: *Daniel.Rockey@bryancave.com*

10 Attorneys for Defendants,
11 MISSION SAN JOSE AIRPORT, LLC,
   AND MISSION YOGURT, INC.

12

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15

16 AREAS USA SJC, LLC, a California limited          CASE NO.  C11-04487 HRL
   liability company,
17                                                   **JOINT PRETRIAL STATEMENT AND**
                    Plaintiff,                       **REPORT**
18
   vs.
19                                                   Magistrate Judge:   Hon. Howard Lloyd
20 MISSION SAN JOSE AIRPORT, LLC, a
   Colorado limited liability corporation; and
21 MISSION YOGURT, INC., a Colorado
   corporation,
22                                                   Complaint filed:  September 9, 2011
                    Defendants.                      Trial Date:         January 7, 2013
23

24 and related Counterclaim.

25

26

27

28
                       **JOINT PRETRIAL STATEMENT AND REPORT**

1   Pursuant to the Court's "Standing Order Re: Pretrial Preparation" ("Standing Order")

2   Plaintiff Areas USA SJC, LLC ("Areas") and Defendants/Counterclaimants Mission San Jose

3   Airport, LLC and Mission Yogurt (collectively "Mission") hereby submit their Joint Pretrial Report.

4   **A.    IN-PERSON CONFERENCE**

5   The Standing Order provides that, not less than fifteen days prior to the Pretrial Conference,

6   lead counsel shall meet and confer in person with respect to accomplishing the requirements and

7   procedures outlined in the Standing Order.   That in-person meet and confer occurred on November

8   30, 2012, at the San Francisco offices of Greenberg Traurig, LLP.   Areas was represented by Scott

9   D. Bertzyk and Denise Mayo of the law firm Greenberg Traurig, LLP.   Mission was represented by

10  Daniel Rockey of the law firm Bryan Cave LLP.   The results of the parties' discussions are reflected

11  in this Joint Pretrial Statement and Report.

12  **B.    SUBMISSIONS DUE TEN COURT DAYS PRIOR TO THE PRE-TRIAL**

13  **CONFERENCE**

14  Section B of the Standing Order envisions the mandatory or optional filing of various matters

15  enumerated therein.   Certain of those filings are attached to this Joint Report; others are filed

16  separately.

17  **1.    Trial Briefs (optional)**

18  Inasmuch as (i) this is a jury trial, (ii) the parties already have extensively briefed their

19  primary positions as to the law and facts in connection with Areas' summary judgment motion, and

20  (iii) principle evidentiary issues will be briefed in motions *in limine*, the parties jointly have agreed

21  that separate trial briefs are not necessary and will be dispensed with.

22  **2.    Motions in Limine**

23  Motions *in limine* will be filed concurrently herewith.   The parties have met and conferred

24  over these motions.

25  **3.    Deposition and Discovery Responses**

26  As required, each side will lodge with the Court "one copy of any deposition transcript and

27  any other discovery response [it] intends to offer as evidence, other than solely for impeachment or

28

1

**JOINT PRETRIAL STATEMENT AND REPORT**

rebuttal." As required, the lodged materials will be highlighted to indicate the pertinent portions of the deposition transcripts and discovery responses being offered.

### 4.     Proposed Voir Dire Questions

As required, each side will lodge its proposed voir dire questions, if any.

### 5.     Jury Instructions

A joint set of substantive instructions proposed by the parties will be lodged concurrently herewith. As directed, the parties have not submitted proposed preliminary or closing instructions. The instructions will be marked as required by the Standing Order.

### 6.     Verdict Forms

As required, each side will serve and submit to the Court its proposed form of verdict.

### 7.     Proposed Findings of Fact and Conclusions of Law

Not applicable.

### 8.     Joint Pretrial Statement.

The materials specifically required by the Joint Pretrial Statement are set forth below.

**a.     Substance of Action**

Plaintiff Areas is a limited liability company formed under the laws of the State of California, with its principal place of business located in Florida. Areas — whose parent company, Areas USA, Inc., specializes in operating food, beverage, and retail services in airports throughout the country — has the right to operate concessions in Terminals A and B of the Norman Y. Mineta San Jose International Airport and/or enter into subconcession agreements with other concessionaries, pursuant to a Prime Contract effective January 29, 2009.

Defendant Mission San Jose Airport is a limited liability company formed under the laws of the State of Colorado, with its principal place of business located in Westminster, Colorado. Mission San Jose Airport's sole member is Co-Defendant Mission Yogurt, a corporation formed under the laws of the State of Colorado, with its principal place of business also located in Westminster, Colorado.

Ultimately, Mission became the sublessee of Areas as to two spaces in the San Jose International Airport: (i) a space in Terminal B called San Jose Joe's; and (ii) a space in Terminal A

2

**JOINT PRETRIAL STATEMENT AND REPORT**

1   commonly denominated as space TA-21 (the "Premises").  San Jose Joe's is built out and operating;

2   the Terminal A space has not been built out and is not operating.  This lawsuit revolves around

3   claims and defenses over the Terminal A space.

4       Areas and Mission San Jose Airport entered into a Concession Subcontract for the Terminal

5   A Premises, effective as of June 30, 2010; in essence, the Concession Subcontract provides that

6   Mission San Jose Airport would lease and operate concessions in the Premises, for which Areas is

7   the prime concessionaire.  Mission Yogurt in turn executed a written Guaranty of the Concession

8   Subcontract.

9       Mission San Jose Airport has not completed development of the Premises and has not paid to

10  Areas any management fees, concession fees, late fees, or other payments described in the

11  Concession Subcontract.  Mission Yogurt, as guarantor of the Concession Subcontract, has not paid

12  any fees to Areas either.  Mission asserts a counterclaim for fraud in the inducement, and asserts

13  various affirmative defenses to contract performance and validity, including fraud in the inducement,

14  excuse of performance, illusory contract, failure to mitigate and unconscionability.  Areas denies

15  Mission's claim of fraud in the inducement, disputes Mission's defenses, and seeks breach of

16  contract damages.

17      **b.      Stipulations, Agreed Statement and Undisputed Facts**

18      **Documents.**  For purposes of trial, the parties stipulate to the authenticity of the following

19  documents:

20      1.      Documents produced by Areas, denominated by the prefix AUSA and in the Bates

21              range of AUSA 000001-002199;

22      2.      Documents produced by Mission, denominated by the prefix MSJC, and in the Bates

23              range of MSJC 000001-000775;

24      3.      Documents produced by the Legends Group, denominated by the prefix LG, and in

25              the Bates range of  LG 000001-000072;

26      4.      Documents produced by Reddy & Reddy Architects, denominated by the prefix RRA,

27              and in the Bates range of RRA 000001-000087;

28

**JOINT PRETRIAL STATEMENT AND REPORT**

5.   Documents produced by the Airport, denominated by the prefix SJC, and in the Bates range of SJC 000001-000155;

6.   Documents produced by Hensel Phelps Construction Company (be it to Areas or to Mission).   Hensel Phelps made two productions.   Its production to Areas is denominated by the prefix HP, and has a Bates range of HP 000001-000033; its production to Mission is denominated by the prefix HPCC, and has a Bates range of HPCC 000001-000275;

7.   Documents produced by Fresh Choice, denominated by the prefix FC, and in the Bates range of FC 000001-000189;

8.   Documents produced by Togo's, denominated by the prefix TG, and in the Bates range of TG 000001-000831;

9.   Documents produced by Airport Consult Group, denominated by the prefix ACG, and in the Bates range of ACG 000001-000201;

10.   Documents produced by Fentress Architects, denominated by the prefix FA, and in the Bates range of FA 000001-000172;

11.   Documents produced by D-Lew Enterprises, denominated by the prefix DL, and in the Bates range of DL 000001-000122;

12.   Documents produced by Vision Builders, denominated by the prefix VB, and in the Bates range of VB 000001-000021;

13.   Documents produced by JDDA Concession Management, Inc., denominated by the prefix JDDA, and in the Bates range of JDDA 000001-000044.

Once trial exhibits have been designated, and in advance of the pre-trial conference, the parties will meet and confer to determine whether designated exhibits can be admitted into evidence either for all purposes or for a limited purpose (such as, in the case of hearsay documents, for the purpose of notice).   The parties agree that, to the extent they cannot agree on the admissibility of certain documents, deposition transcript designations may be supplemented for purposes of providing the foundations facts upon which admission would be offered.

4

**JOINT PRETRIAL STATEMENT AND REPORT**

1    **Facts.** For purposes of trial, the following facts shall be deemed established without further

2    proof. These stipulations are made without prejudice to the right of the parties, during the course of

3    witness examinations, to present facts consistent with these stipulations in order to provide context

4    to the jury.

5        1.       Effective January 29, 2009, Areas and the City of San Jose entered into that certain

6    "Food and Beverage Concencession Agreement," hereinafter, the "Prime Contract," which is Exhibit

7    157 and may be admitted into evidence. Among other things, the Prime Contract gave Areas the

8    right to operate concessions in certain designated spaces in Terminals A and B of the Norman Y.

9    Mineta San Jose International Airport (hereinafter, "Airport" or "San Jose Airport") and/or to enter

10   into subconcession agreements with other concessionaries. One of those spaces was a space in

11   Terminal A denominated as space TA-21.

12       2.       Sometime after entering into the Prime Contract with Areas, the Airport installed a

13   baggage handling system, which included expensive CTX machines, on the first floor of Terminal

14   A. The baggage handling system (including CTX machines) was under the space that had been

15   denominated as TA-21.

16       3.       The precise configuration of the space denominated by the Airport as TA-21 changed

17   effective February 18, 2010. Exhibit 122 reflects the original configuration and may be admitted

18   into evidence. On March 5, 2010, the Airport submitted to Areas revised lease drawings to reflect

19   the final configuration. That complete e-mail chain, with drawings, has been produced by Mission

20   (Trial Ex. 29), Mission's architects (Trial Ex. 7), and Areas (Trial Ex. 158). All three exhibits may

21   be admitted into evidence. Exhibits 4-6 also reflect the final location of the TA-21 space and may be

22   admitted into evidence.

23       4.       Through its President, Rod Tafoya, Mission Yogurt, which was then based only in

24   Denver, Colorado, had expressed an interest in expanding its concession operations into California.

25   In the Spring of 2010, Areas' Huy Pham advised Tafoya that two concession spaces in the Airport

26   were available: (i) a space in Terminal B called San Jose Joe's; and (ii) the TA-21 space. The San

27   Jose Joe's space already had been fully designed and was in the process of being built out, but the

28   subconcessionaire (D-Lew Enterprises, LLC) then responsible for the space had expressed a desire

5

**JOINT PRETRIAL STATEMENT AND REPORT**

to divest itself of the concession. The TA-21 space had not been designed or built-out, and was vacant.

5. Mission representatives traveled to San Jose in April 2010 to inspect the two available spaces. Ultimately, Mission agreed to assume D-Lew Enterprises' obligations as to the San Jose Joe's location in Terminal B, and to sublease the vacant TA-21 space. The following contract documents reflect the assignment to Mission of the San Jose Joe's space in Terminal B, and may be admitted into evidence: Exhibit 30 (Assignment Agreement between Mission and D-Lew Enterprises for the San Jose Joe's space), Exhibit 31 (Assignment of Concession Subcontract between Mission and D-Lew Enterprises for the San Jose Joe's space), Exhibit 171 (Concession Subcontract between Mission and D-Lew assigned to Mission San Jose Airport)and Exhibit 32 (Assignment of License Agreement between Mission and D-Lew Enterprises for the San Jose Joe's space). In connection with the TA-21 space, Areas and Mission San Jose Airport entered into a Concession Subcontract for the Terminal A Premises (Trial Ex. 35); in essence, the Concession Subcontract provided that Mission San Jose Airport would lease and operate concessions in the Premises (defined in the contract), for which Areas is the prime concessionaire. Mission Yogurt in turn executed a written Guaranty of the Concession Subcontract (Trial Ex. 36). Exhibits 35 and 36 also may be admitted into evidence.

6. The Concession Subcontract and Guaranty became fully executed in early August, 2010.

7. Mission has not built out the TA-21 space.

8. Mission San Jose Airport has not made any of the payments, or posted a letter of credit, as specified in the Subcontract. Mission Yogurt has not made any payments under its Guaranty. The Mission defendants assert defense to performance and the validity of the Concession Subcontract and Guaranty.

### c. Principal Factual Issues in Dispute

**Contract Claims**. Mission does not dispute that Mission San Jose executed the Concession Subcontract and that Mission Yogurt executed the Guaranty in issue here. Mission also agrees that: (i) Mission San Jose Airport has not made any of the payments, or posted a letter of credit, as

6

**JOINT PRETRIAL STATEMENT AND REPORT**

1   specified in the Subcontract; and (ii) Mission Yogurt has not made any payments under its Guaranty.

2   Mission does dispute whether these contracts ever were formed based on its asserted defense of

3   fraud in the inducement and a further defense Mission has asked this Court to allow (mistake).

4   Mission further contends that its performance was excused based on various affirmative defenses.

5   Additionally, insofar as contracts are concerned, the parties dispute the meaning of certain

6   provisions of the Concession Subcontract.   Ultimately, unless there is a factual dispute based on

7   admissible parol evidence, interpretation of such term or terms will present issues of law for the

8   Court.

9        **Fraud in the Inducement Defense and Claim.**   Areas disputes each and every element of

10   Mission's fraud in the inducement claim, both as to claims of misrepresentation and claims of

11   concealment, as well as Mission's other affirmative defenses.

12        **d.**     **Principal Disputed Legal Issues**

13        The elements of breach of contract and fraud in the inducement claims are well-settled.  So,

14   the principal legal issues in dispute in this action are set forth in the Parties' pleadings, and include:

15   **Areas' Issues**

16        1.     Interpretation of section 22 of the Concession Subcontract and the extent to which

17   parol evidence may be admitted, provisionally or otherwise, to resolve interpretation issues.

18        2.     The extent to which Areas had a duty of disclosure under the facts and circumstances

19   of this case.

20        3.     The extent to which Mission is deemed to have contractually assumed the risks of

21   which it now complains under the circumstances of this case.

22        4.     Whether Mission, under the facts and circumstances of the case, may its San Jose

23   Joe's concession if it divests itself of the TA-21 space.  (This may present a mixed question of fact

24   and law.)

25   **Mission's Issues**

26        Mission adds the following legal issues:

27

28

**JOINT PRETRIAL STATEMENT AND REPORT**

WPB 382,918,414v4 12-2-12

1.  Interpretation of Paragraph 1 of the Concession Subcontract (depending upon the outcome of Mission's motion for leave to amend) and the extent to which parol evidence may be admitted, provisionally or otherwise, to resolve interpretation issues.

2.  Whether Mission is entitled to recover attorneys' fees pursuant to Civil Code section 1717 or the "tort of another" doctrine should it prevail;

3.  The ability of a commercial liability insurance provider to rescind coverage based on a policyholder's failure to disclose a material risk pursuant to Cal. Ins. § 330 *et seq.* and applicable decisional law.

4.  To the extent the parties are unable to agree on particular jury instructions for Areas' claims, Mission's counterclaim or affirmative defenses, the Court may be called upon to resolve any disagreement.

**e.   Deposition Excerpts and Discovery Responses**

Areas' and Mission's lists of deposition excerpts and discovery responses the parties may offer at trial, other than for impeachment or rebuttal, are attached as Exhibits 1 (Areas) and 2 (Mission).

**f.   Witnesses to Be Called**

The Standing Order requires: "Pursuant to Fed. R. Civ. P. 26(a)(3), a list of the name of every witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses the party intends to call and those the party may call if the need arises. Areas' and Mission's witness lists in this regard are attached as Exhibits 3 (Areas) and 4 (Mission).

**g.   Exhibits, Schedules and Summaries**

The Standing Order requires: "Pursuant to Fed. R. Civ. P. 26(a)(3), a list of all documents and other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must have agreed on an allocation of exhibit numbers which will avoid duplicate numbers." The parties agreed early on to

8

**JOINT PRETRIAL STATEMENT AND REPORT**

number deposition exhibits consecutively, and to assign those same exhibit numbers as trial exhibits. To that end, the parties have, as of the date of this Pretrial Statement, assigned Exhibit Nos. 1-156.

The Parties further have agreed that any further exhibits Areas may designate shall start with Exhibit No. 157, and further exhibits Mission may designate shall start with Exhibit No. 250. This may leave a small gap, but will avoid any duplicate numbers.

Areas' and Mission's exhibit lists in compliance with the Standing Order are attached as Exhibits 5 (Areas) and 6 (Mission). The parties already have agreed on authenticity and the admission of some exhibits. Once these exhibit lists have been exchanged, the parties will attempt to reach further agreements as to admissibility.

      **h.**     **Relief Prayed**

<u>**Areas**</u>

Areas prays for a judgment declaring Mission to be in breach of the Concession Subcontract and Guaranty, and imposing the following damages jointly and severally on them:

| | |
|---|---:|
| Initial Investment | $ 1,215,959.12 |
| Mid-term Refurbishment | 303,989.78 |
| Additional Payment | 105,000.00 |
| E & I Fees | 45,522.22 |
| Management Fee (through Jan. 1, 2013) | 10,000.00 |
| Management Fee (accelerated) | 40,000.00 |
| Concession Fee (through Jan. 1, 2013) | 420,000.00 |
| Concession Fee (accelerated) | 1,575,000.00 |
| **TOTAL** | **$ 3,715,471.12** |

Under its contracts, Areas also would seek to recover its prevailing party attorneys' fees. Although Areas may prove such fees as special damages at trial, it presently intends to seek recovery of its fees and costs by way of post-trial motion and memorandum of costs.

<u>**Mission**</u>

Mission prays for a judgment finding Areas liable for fraud and awarding Mission damages, subject to proof at trial, as follows:

9

**JOINT PRETRIAL STATEMENT AND REPORT**

1         a.     Costs incurred in developing designs and a construction plan for TA-21; and

2         b.     Lost profits.

3         Mission will further seek an award of punitive (exemplary)damages on its fraud claim.

4         In the alternative, Mission prays for a judgment of no liability on Areas' claim for breach of

5    contract.

6         Should Mission prevail on either its affirmative claim for fraud or its defenses, Mission will

7    seek to recover prevailing party attorneys' fees and costs pursuant to the Concession Subcontract,

8    Civil Code §1717 and relevant decisional law, and attorneys' fees incurred in connection with its

9    efforts to work with the Airport under the "tort of another" doctrine.

10        **i.    Estimate of Trial Time**

11        Until motions in limine are resolved, it will be difficult to predict trial time with precision.

12   The parties' present best estimate is that trial should be completed within ten full court days.

13        **j.    Amendments, Dismissals**

14        Areas does not have any amendments to its operative complaint.  Mission has previously

15   moved for leave to amend its Second Amended Answer and Counterclaims to assert a claim for

16   breach of contract.  Mission's proposed allegations are set forth in its moving papers.  The Motion,

17   which Areas' opposes, is set for hearing on December 4, 2012.  Mission also will request leave to

18   amend its operative Answer to include affirmative defenses for unilateral and mutual mistake of fact

19   to conform to the evidence.  Areas opposes this latter request as well.

20        **k.    Settlement Discussion**

21        With the aid of a Court-appointed mediator, the parties held an early mediation in February

22   2012.  It failed.  Separately, in April 2012, the parties met with Airport (and without litigation

23   counsel) to explore settlement prospects again.  Those efforts failed.  The parties' principals were

24   tentatively scheduled to meet in the Fall to explore settlement once more, but Mission postponed that

25   tentative meeting after Areas filed a motion for summary judgment.  It is anticipated that the parties'

26   principals, working with counsel who negotiated the Concession Subcontract and Guaranty, will

27   continue to explore settlement options and prospects.

28

10

**JOINT PRETRIAL STATEMENT AND REPORT**

**l.     Miscellaneous**

Nothing at this time.

Dated: December 4, 2012                    GREENBERG TRAURIG, LLP


By:   _/s/ Scott D. Bertzyk_
    Scott D. Bertzyk
Attorneys for Plaintiff and Counter-Defendant,
AREAS USA SJC, LLC


Dated: December 4, 2012                    BRYAN CAVE, LLP


By:   _/s/ Daniel T. Rockey_
    Daniel T. Rockey
Attorneys for Defendants and Counter-Claimants
MISSION SAN JOSE AIRPORT, LLC and MISSION
YOGURT, INC.


**<u>ATTESTATION CLAUSE</u>**

I, Denise M. Mayo, am the ECF User whose ID and password are being used to file this
JOINT PRETRIAL STATEMENT AND REPORT.  In compliance with General Order 45, X.B., I
hereby attest that Daniel T. Rockey has concurred in this filing.


Date: December 4, 2012                    GREENBERG TRAURIG LLP


By: _/s/  Denise M. Mayo_
    Denise M. Mayo

**JOINT PRETRIAL STATEMENT AND REPORT**

WPB 382,918,414v4 12-2-12

# JOINT PRETRIAL
# STATEMENT AND REPORT

# EXHIBIT 1

GREENBERG TRAURIG, LLP
SCOTT D. BERTZYK (SBN 116449)
DENISE M. MAYO (SBN 275561)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  *BertzykS@gtlaw.com*

GREENBERG TRAURIG, LLP
GERARDO RODRIGUEZ-ALBIZU (Admitted *Pro Hac Vice*)
777 South Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7900
Facsimile:  (561) 655-6222

Attorneys for Plaintiff
AREAS USA SJC, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREAS USA SJC, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>MISSION SAN JOSE AIRPORT, LLC, a Colorado limited liability corporation; and MISSION YOGURT, INC., a Colorado corporation,<br><br>                Defendants. | CASE NO.  C11-04487 HRL<br><br>**PLAINTIFF AREAS USA SJC, LLC'S DESIGNATED DISCOVERY RESPONSES AND DEPOSITION EXCERPTS TO BE OFFERED AT TRIAL**<br><br><br>Complaint filed:  September 9, 2011<br>Trial date:        January 7, 2013 |

In accordance with the Court's Standing Order re: Pretrial Preparation, plaintiff Areas USA SJC, LLC submits this list of discovery responses and deposition excerpts Areas intends to offer at trial.

## DISCOVERY RESPONSES

1.     From Defendants Mission San Jose Airport, LLC and Mission Yogurt, Inc.'s ("Mission") Responses and Objections to Plaintiff's First Set of Interrogatories, served on March 30, 2012, Responses to Interrogatory Nos. 1-3.

2.     From Mission's Amended Responses and Objections to Plaintiff's First Set of Interrogatories, served on May 29, 2012, Responses to Interrogatory Nos. 1-3.

3.     From Mission's Further Amended Responses and Objections to Plaintiff's First Set of Interrogatories, served on September 10, 2012, Responses to Interrogatory Nos. 1-3.

4.     From Mission's Responses and Objections to Plaintiff's Third Set of Interrogatories, served on June 11, 2012, Response to Interrogatory No. 7.

5.     From Mission's Responses and Objections to Plaintiff's First Set of Requests for Production, served on March 30, 2012, Responses to Request for Production Nos. 4, 10-23, and 29.

## DEPOSITIONS

Areas presently intends to play the videotaped excerpts of the depositions of certain individuals, as indicated below.  For each witness, Areas' intent is to play the excerpts in the order indicated.  Areas has yet to decide on the order of the witnesses themselves.

1.     From the transcript of deposition of Justin Jackson, taken on September 21, 2012:

| Begin **Page/Line** | End **Page/Line** |
|---------------------|-------------------|
| 7:16 | 8:8 |
| 37:12 | 37:21 |
| 34:20 | 35:21 |
| | |
| 9:1 | 9:14 |
| 11:2 | 11:4 |
| 27:25 | 28:18 |
| | |

1

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

| | |
|---|---|
| 18:7 | 18:13 |
| 92:1 | 92:18 |
| | |
| 94:23 | 95:9 |
| | |
| 24:1 | 24:2 |
| 77:8 | 77:11 |
| 60:4 | 62:11 |
| 65:12 | 65:25 |
| | |
| 19:8 | 20:11 |
| | |
| 81:23 | 82:22 |
| 85:8 | 86:9 |
| | |
| 48:16 | 49:1 |
| 84:4 | 85:6 |

2.    From the transcript of deposition of Stanley Jackson, taken on September 20, 2012:

| Begin **Page/Line** | End **Page/Line** |
|---|---|
| 108:16 | 109:10 |
| 17:8 | 17:24 |
| 15:12 | 15:22 |
| 161:22 | 162:1 |
| 8:9 | 8:16 |
| | |
| 43:15 | 43:22 |
| 44:5 | 44:11 |
| | |
| 30:3 | 30:12 |
| 89:10 | 89:25 |
| | |
| 18:20 | 20:9 |

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

| | |
|---|---|
| 21:6 | 21:11 |
| 66:25 | 67:11 |
| | |
| 114:14 | 116:25 |
| | |
| 35:23 | 36:3 |
| 37:10 | 37:20 |
| 127:12 | 127:21 |
| 128:23 | 129:12 |
| | |
| 46:19 | 46:25 |
| 47:7 | 47:24 |
| 107:17 | 107:23 |
| | |
| 96:7 | 96:11 |
| 97:10 | 97:12 |
| 99:3 | 100:6 |
| | |
| 156:14 | 157:8 |
| 86:20 | 87:13 |
| 88:4 | 88:12 |
| | |
| 101:3 | 101:8 |
| 102:2 | 102:24 |
| | |
| 145:18 | 146:11 |
| | |
| 55:6 | 55:14 |
| 56:2 | 56:12 |

3.      From the transcript of deposition of Jeffry Reddy, taken on August 22, 2012:

| Begin Page/Line | End Page/Line |
|---|---|
| 6:18 | 9:15 |

3

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

| | |
|---|---|
| 11:5 | 11:20 |
| 12:2 | 12:8 |
| 18:24 | 19:13 |
| | |
| 23:9 | 24:10 |
| | |
| 21:1 | 22:18 |
| 43:23 | 44:22 |
| | |
| 28:11 | 29:13 |
| | |
| 17:1 | 17:4 |
| 30:11 | 30:25 |
| 32:20 | 32:25 |
| 39:23 | 40:5 |
| | |
| 33:3 | 33:8 |
| 34:3 | 34:11 |
| 34:17 | 34:25 |
| 35:10 | 35:16 |
| 35:21 | 35:25 |

4.   From the transcript of deposition of Mark Schafer, taken on August 22, 2012:

| Begin **Page/Line** | End **Page/Line** |
|---|---|
| 8:6 | 8:15 |
| | |
| 20:11 | 21:9 |
| 51:14 | 52:15 |
| ⋮ | ⋮ |
| 24:10 | 24:14 |
| 24:25 | 25:16 |
| 26:1 | 26:11 |

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

| | |
|---|---|
| 26:18 | 27:11 |
| | |
| 63:18 | 63:24 |
| | |
| 46:8 | 46:24 |
| 50:16 | 51:6 |

5. From the transcript of deposition of Roderick Tafoya, taken on August 23, 2012:

| Begin Page/Line | End Page/Line |
|---|---|
| 16:6 | 16:11 |
| 16:20 | 17:22 |
| 19:9 | 19:13 |
| 19:25 | 20:2 |
| | |
| 25:14 | 26:6 |
| 32:22 | 33:5 |
| 36:8 | 36:21 |
| 44:4 | 44:9 |
| 42:19 | 42:23 |
| 59:25 | 60:11 |
| 121:25 | 123:6 |
| | |
| 50:7 | 51:4 |
| 51:8 | 52:9 |
| 53:18 | 53:22 |
| 48:8 | 48:14 |
| 55:7 | 56:13 |
| 65:10 | 66:8 |
| | |
| 9:20 | 10:5 |
| 12:13 | 12:20 |
| 72:13 | 72:25 |
| 67:11 | 68:5 |
| 76:17 | 76:23 |

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

| | |
|---|---|
| 66:15 | 67:10 |
| | |
| 30:5 | 30:10 |
| 31:2 | 31:11 |
| | |
| 79:11 | 79:22 |
| 64:1 | 65:1 |
| | |
| 138:12 | 138:16 |
| | |
| 138:1 | 138:8 |
| | |
| 116:16 | 117:24 |
| 119:2 | 119:15 |
| 133:19 | 134:7 |
| | |
| 147:23 | 147:25 |
| 151:10 | 151:15 |
| 155:18 | 155:25 |
| | |
| 161:19 | 162:4 |
| | |
| 142:22 | 143:12 |
| | |
| 140:2 | 140:7 |
| 141:9 | 141:15 |
| 142:1 | 142:20 |

These designations are made on the assumption that Mission will stipulate to the admission of basic exhibits, such that Areas will not have to burden the Court and jury by playing or reading excerpts that establish a foundation for admission of exhibits whose introduction Areas expects Mission to stipulate to. Should Mission be unreasonable in this regard, Areas reserves the right to designate such additional excerpts as are necessary to secure introduction of exhibits.

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

These designations are made based upon Areas' best belief as to the issues to be tried in this case, but they do come before this Court has held the Pre-Trial Conference, ruled on motions in limine and/or otherwise defined the scope of the case.  After the conclusion of such matters (i.e., as things become clarified_, Areas may conclude that certain excerpts no longer are necessary or that other excerpts should be added.  In that eventuality, Areas will seek leave of Court to supplement these designations.

Dated:  December 4, 2012                GREENBERG TRAURIG, LLP


By:  _/s/ Denise M. Mayo_____
     Denise M. Mayo
     Attorneys for Plaintiff,
     AREAS USA SJC, LLC

PLAINTIFF'S DESIGNATED DISCOVERY RESPONSES
AND DEPOSITION EXCERPTS FOR TRIAL

# JOINT PRETRIAL STATEMENT AND REPORT

# EXHIBIT 2

1   Meryl Macklin (CA State Bar No. 115053)
    *meryl.macklin@bryancave.com*
2   Daniel T. Rockey (CA State Bar No. 178604)
    *daniel.rockey@bryancave.com*
3   BRYAN CAVE LLP
    560 MISSION Street, 25th Floor
4   San Francisco, CA  94105-2994
    Telephone:  (415) 268-2000
5   Facsimile:  (415) 268-1999
6
7   Attorneys for Defendants:
    MISSION SAN JOSE AIRPORT, LLC and MISSION YOGURT, INC.
8

9                  UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11  AREAS USA SJC, LLC, a California limited          CASE NO. CV11-04487 HRL
    liability company,
12                                                    **MISSION SAN JOSE AIRPORT, LLC AND**
                                                      **MISSION YOGURT, INC.'S**
13                       Plaintiff,                   **DESIGNATION OF DEPOSITION**
                                                      **TESTIMONY AND DISCOVERY**
14          v.

15  MISSION SAN JOSE AIRPORT, LLC, a                  **Complaint Filed:  September 9, 2011**
    Colorado limited liability company, and           **Trial Date: January 7,  2013**
16  MISSION YOGURT, INC., a Colorado
    corporation,
17

18                       Defendants.

19

20

21

22

23

24

25

26

27

28

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

**Deposition Testimony**

| Deponent | Date | Designation |
|---|---|---|
| Nudell, J. Howard | 11/13/2012 | 9:21-10:9 |
| | | 10:20-11:8 |
| | | 12:12-19 |
| | | 12:23-13:6 |
| | | 15:15-18 |
| | | 17:1-13 |
| | | 17:15-19 |
| | | 20:10-14 |
| | | 31:13-21 |
| | | 31:23-32:7 |
| | | 32:11-14 |
| | | 32:20-33:6 |
| | | 33:17-34:2 |
| | | 40:17-19 (beginning at "Is it your") |
| | | 41:7-11 |
| | | 41:23-42:6 |
| | | 42:25-43:3 (beginning at "Now") |
| | | 43:13-17 |
| | | 44:2-9 |
| | | 46:21-23 |
| | | 47:2-4 |
| | | 49:6-14 |
| | | 49:16-20 |
| | | 49:25-50:3 (beginning at "Without") |
| | | 50:11-14 |
| | | 50:16-18 |

1

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Nudell, J. Howard (continued) | 11/13/2012 | 51:9-12 |
| | | 52:16-53:1 |
| | | 56:18-20 |
| | | 57:1-3 |
| | | 58:20-24 |
| | | 59:9-12 |
| | | 60:6-8 |
| | | 60:11-13 |
| | | 62:4-10 |
| | | 62:16-23 |
| | | 63:15-17 |
| | | 64:5-15 |
| | | 65:6-9 |
| | | 65:18-20 |
| | | 65:22-23 |
| | | 67:15-24 (beginning at "Due to") |
| | | 68:6-9 |
| | | 68:11-12 |
| | | 69:13-15 |
| | | 69:17-20 |
| | | 70:6-18 |
| | | 70:20-71:6 |
| | | 71:8-10 |
| | | 71:13-16 |
| | | 71:20-25 |
| | | 72:9-13 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Nudell, J. Howard (continued) | 11/13/2012 | 72:16-22 |
| | | 74:2-7 |
| | | 74:25-76:2 (beginning at "Did you") |
| | | 76:7-10 (beginning at "Would it") |
| | | 76: 15-16 |
| | | 77:4-15 |
| | | 78:15-79:1 |
| | | 79:11-22 |
| | | 80:9-17 |
| | | 81:2-6 |
| | | 81:18-23 |
| | | 81:25-82:5 |
| | | 83:17-19 |
| | | 85:24-86:1 |
| | | 87:25-88:2 |
| | | 89:8-12 |
| | | 92:3-16 |
| | | 92:24-93:7 |
| | | 93:23-25 (beginning at "Do you") |
| | | 94:21-95:4 |
| | | 95:6-7 |
| | | 98:23-99:1 |
| | | 99:25-100:3 |
| | | 100:5-7 |
| | | 100:9 |
| | | 101:1-4 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Nudell, J. Howard (continued) | 11/13/2012 | 104:11-105:3 |
| | | 105:16-22 |
| | | 106:2-7 |
| | | 108:16-21 |
| | | 108:23-24 |
| | | 109:1-2 |
| | | 109:12-110:6 |
| | | 110:15-18 |
| | | 110:22-111:5 |
| | | 114:12-21 (beginning at "Did you") |
| | | 115:3-6 |
| | | 115:10-13 |
| | | 115:15 |
| | | 117:16-19 (beginning at "Is the") |
| | | 118:7-15 |
| | | 118:21-23 |
| | | 118:25 |
| | | 119:4-6 |
| | | 119:8-9 |
| | | 121:16-122:1 (beginning at "What you") |
| | | 122:22-24 |
| | | 123:2-8 |
| | | 129:2-14 |
| | | 131:17-19 |
| | | 131:21-132:7 |
| | | 132:17-133:6 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Nudell, J. Howard (continued) | 11/13/2012 | 133:8-9 |
| Pham, Huy | 8/29/2012 | 12:12-17 |
| | | 13:11-12 |
| | | 14:4-6 |
| | | 14:12-17 |
| | | 14:18-15:13 (beginning at ("And what") |
| | | 17:17-19 |
| | | 17:23-18:10 |
| | | 19:8-10 |
| | | 19:16-22 (beginning at "And what ") |
| | | 26:3-23 |
| | | 28:11-16 |
| | | 51:14-18 |
| | | 57:24-58:7 (beginning at "Let's turn") |
| | | 58:18-24 (beginning at "But, isn't") |
| | | 60:14-22 |
| | | 61:3-10 |
| | | 62:12-17 |
| | | 64:19-24 |
| | | 65:4-14 (beginning at "So, as") |
| | | 66:18-25 |
| | | 78:2-5 |
| | | 82:14-18 |
| | | 82:22-83:7 (beginning at "Anyhow," ending at "appropriate people") |
| | | 87:25-88:2 (beginning at "Who told") |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Pham, Huy (continued) | 8/29/2012 | 88:4-6 |
| | | 90:16-23 |
| | | 91:14-17 |
| | | 94:21-24 |
| | | 99:4-10 |
| | | 101:15-18 |
| | | 102:13-18 (beginning at "and what") |
| | | 103:5-10 |
| | | 105:3-11 |
| | | 105:17-24 |
| | | 106:1-19 |
| | | 106:21-107:5 |
| | | 107:10-11 |
| | | 107:14-15 |
| | | 109:5-9 |
| | | 109:11-12 |
| | | 109:14-16 |
| | | 109:18-19 |
| | | 109:21-24 (beginning at "On the") |
| | | 110:1 |
| | | 111:19-21 |
| | | 111:23-24 |
| | | 112:4-8 (beginning at "Do you recall") |
| | | 112:10 |
| | | 119:9-13 (beginning at "All I do") |
| | | 120:1-8 |

6

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Pham, Huy (continued) | 8/29/2012 | 121:14-20 |
| | | 125:20-22 |
| | | 125:24-25 (ending at "to do that") |
| | | 126:20-23 (beginning at "Do you") |
| | | 126:25-127:1 |
| | | 129:9-13 (beginning at "You said" |
| | | 130:5-11 (ending at "Rod agreed") |
| | | 130:12-15 (beginning at "So, basically") |
| | | 131:12-18 |
| | | 131:23-132:5 (beginning at "Do you") |
| | | 132:11-14 (beginning at "But, you") |
| | | 132:16 |
| | | 143:22-144:3 |
| | | 150:1-6 (beginning at "The intent is") |
| | | 150:23-151:1 |
| | | 162:12-17 |
| | | 162:22-25 (beginning at "But you," ending at "I don't") |
| | | 170:17-171:21 |
| | | 182:14-20 |
| | | 194:14-18 (beginning at "Let me") |
| | | 194:21-22 |
| | | 197:5-7 |
| | | 197:9-10 |
| | | 207:12-13 |
| | | 207:15-16 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Pham, Huy (continued) | 8/29/2012 | 207:18-20 |
| | | 207:22-24 (ending at "remember reading") |
| | | 208:12-15 |
| | | 208:17-20 |
| | | 209:7-10 |
| Reddy, Jeffrey S. | 8/22/2012 | 6:18-7:7 (beginning at "I don't") |
| | | 7:11-24 |
| | | 8:16-9:1 |
| | | 11:9-12:5 |
| | | 14:8-9 (ending at "did not") |
| | | 17:5-11 |
| | | 20:4-23 |
| | | 21:1-21 |
| | | 21:25-22:5 |
| | | 25:11-22 (beginning at "How about") |
| | | 32:20-25 (beginning at "Your best") |
| | | 33:9-21 |
| | | 34:3-15 |
| | | 35:1-7 |
| | | 35:10-11 (beginning at "Looks like") |
| | | 35:14-19 (beginning at "This would") |
| | | 42:9-43:7 (beginning at "Do you") |
| | | 44:12-45:14 (ending at "down there") |
| | | 45:20-46:6 |
| | | 46:9-14 (beginning at "And do you") |
| | | 46:15-23 (beginning at "you said") |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Torello, Xavier Rabell | 8/31/2012 | 15:8-9 (beginning at "Was it") |
| | | 15:11 |
| | | 23:22-25 |
| | | 24:2-7 |
| | | 24:9 |
| | | 24:24-25:9 |
| | | 26:16-23 |
| | | 27:14-16 |
| | | 28:2-29:9 |
| | | 29:11-14 |
| | | 29:16 |
| | | 29:18-20 |
| | | 29:22 |
| | | 29:24-30:1 (beginning at "Did you") |
| | | 30:3 |
| | | 36:13-14 (beginning at "Were you") |
| | | 36:16-21 |
| | | 37:4-10 (beginning at "And what") |
| | | 37:8-10 |
| | | 37:13-17 |
| | | 38:1-2 (beginning at "What exactly") |
| | | 38:4-8 |
| | | 38:10-13 |
| | | 38:15-18  (beginning at "And did") |
| | | 38:20 |
| | | 38:22-39:1 (beginning at "Did you") |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Torello, Xavier Rabell (continued) | 8/31/2012 | 39:2-4 (beginning at "Why not") |
| | | 39:6-15 |
| | | 39:17 |
| | | 41:24-42:3 (beginning at "Did you") |
| | | 42:5 |
| | | 44:8-10 (beginning at "The airport") |
| | | 45:3-10 (beginning at "Well, tell") |
| | | 45:11-13 (beginning at "And why") |
| | | 48:24 |
| | | 49:2-3 |
| | | 49:5-8 |
| | | 49:10-17 |
| | | 49:19-22 |
| | | 49:24-25 |
| | | 50:7-13 |
| | | 56:20-24 |
| | | 58:8-10 |
| | | 58:12-17 |
| | | 58:19-25 |
| | | 59:3-6 |
| | | 63:21-24 (beginning at "A part") |
| | | 64:1 |
| | | 64:3-16 |
| | | 64:17-21 (beginning at "Do you") |
| | | 64:23-24 |
| | | 70:8-11 (beginning at "But wasn't") |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|----------|------|-------------|
| Torello, Xavier Rabell (continued) | 8/31/2012 | 70:13-20 |
| | | 70:22 |
| | | 73:21-74:2 (beginning at "Can you") |
| | | 74:9-16 |
| | | 74:20-75:1 (beginning at "When you") |
| | | 75:4-11 |
| | | 76:16-22 |
| | | 76:24-25 |
| | | 78:3-6 |
| | | 78:8-10 |
| | | 79:3-8 (beginning at "so the") |
| | | 79:15-18 |
| | | 80:11-13 |
| | | 80:15-22 |
| | | 86:23-87:4 |
| | | 87:8-18 |
| | | 87:20-21 |
| | | 93:19-23 |
| Uribe, Eduardo | 8/30/2012 | 8:13-14 |
| | | 12:11-14 |
| | | 12:16 (ending at "no") |
| | | 12:20-25 |
| | | 13:10-14 |
| | | 15:14-19 (beginning at "In your") |
| | | 15:21 |
| | | 15:23-25 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Uribe, Eduardo (continued) | 8/30/2012 | 16:4-5 |
| | | 16:7-10 |
| | | 16:12 |
| | | 16:14-21 |
| | | 16:25-17:4 |
| | | 17:14-17 |
| | | 17:19-22 |
| | | 19:10-20:10 |
| | | 22:3-4 (beginning at "Were you") |
| | | 22:6-9 |
| | | 22:11-16 |
| | | 22:25-23:6 (beginning at "You see") |
| | | 24:24-25:2 (beginning at "Well, let's") |
| | | 25:4-20 |
| | | 26:6-17 |
| | | 26:19 |
| | | 26:24-27:2 |
| | | 27:4 |
| | | 30:7-10 |
| | | 30:12 |
| | | 30:14 |
| | | 30:16-22 |
| | | 33:17-22 |
| | | 33:24 |
| | | 35:9-13 (beginning at "But, just") |
| | | 35:15 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Uribe, Eduardo (continued) | 8/30/2012 | 42:9-17 (beginning at "When you") |
| | | 44:22-25 |
| | | 45:2 |
| | | 47:4-7 (beginning at "And did") |
| | | 47:25-48:4 |
| | | 48:6 |
| | | 48:8-12 (beginning at "And what") |
| | | 48:14-15 |
| | | 48:24-25 (beginning at "And did") |
| | | 49:2-4 (ending at "space was") |
| | | 51:4-8 (beginning at "You think") |
| | | 51:7-8 |
| | | 51:10-12 |
| | | 52:5-6 |
| | | 52:8-9 |
| | | 62:15-20 (beginning at "Why is it") |
| | | 63:10-16 (beginning at "Michael Levin") |
| | | 63:19 |
| | | 70:3-5 |
| | | 70:7 (ending at "Yes") |
| | | 74:24-75:1 (beginning at "And so") |
| | | 75:3 |
| | | 77:15-20 (beginning at "And so") |
| | | 77:22-25 |
| | | 81:11-14 |
| | | 81:16 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Uribe, Eduardo (continued) | 8/30/2012 | 81:22 |
| | | 82:8-11 (beginning at "So, in") |
| | | 84:10-12 |
| | | 84:16-18 |
| | | 84:20-22 (beginning at "But, it") |
| | | 84:24-85:2 |
| | | 85:25-86:4 (beginning at "So I") |
| | | 86:8-11 |
| | | 86:13 |
| | | 88:14-17 (beginning at "Have you ever asked") |
| | | 88:19 |
| | | 94:1-12 (beginning at "Is that") |
| | | 94:14 |
| | | 95:16-18 (beginning at "Did you") |
| | | 95:20 |
| | | 98:2-5 (beginning at "Independent of") |
| | | 98:8 |
| | | 98:10-13 (beginning at "Did you") |
| | | 98:15 |
| | | 98:17-20 (beginning at "Did anybody") |
| | | 98:22 |
| | | 98:24-99:1 (beginning at "How about") |
| | | 99:3 |
| | | 99:5-8 (beginning at "How about") |
| | | 99:10 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

| Deponent | Date | Designation |
|---|---|---|
| Uribe, Eduardo (continued) | 8/30/2012 | 99:12-15 |
| | | 99:17 |
| | | 99:19-22 |
| | | 99:24 |
| | | 101:6-11 (beginning at "So in the") |
| | | 101:17 |
| | | 101:20-22 |
| | | 101:24 |
| | | 102:2 |
| | | 107:13-15 |
| | | 108:24-109:1 (ending at "no idea") |
| | | 117:14-16 |
| | | 117:19 |
| | | 117:21-23 |
| | | 117:25 (ending at "forgot") |
| | | 121:6-9 (beginning at "Do you") |
| | | 138:8-12 |
| | | 138:17-21 (beginning at "Is Areas") |
| | | 138:23-139:6 |
| | | 160:7-11 (beginning at "And has," ending at "three months") |
| | | 160:13-15 (beginning at "So prior") |
| | | 160:17-18 |
| | | 164:9-13 (beginning at "I'm trying") |
| | | 164:16 |
| | | 164:18-24 |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S DESIGNATION OF DEPOSITION TESTIMONY AND DISCOVERY
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82678.2

**Discovery**

| Document | Date | Designation |
|---|---|---|
| Areas' Supplemental Responses to Mission's Requests for Admission – Set 1 | 11/2/2012 | 3:5-8 |
| | | 5:9-11 |
| | | 5:14-15 |
| | | 6:5-11 |
| | | 7:4-5 |
| | | 7:8 |
| Areas' Supplemental Responses to Mission's Interrogatories – Set 3 | 10/31/2012 | 4:17-21 |
| | | 5:4-5 (ending at "in question") |

By:  */s/  Daniel T. Rockey*
Daniel T. Rockey

82678.2

# JOINT PRETRIAL
# STATEMENT AND REPORT

# EXHIBIT 3

GREENBERG TRAURIG, LLP
SCOTT D. BERTZYK (SBN 116449)
DENISE M. MAYO (SBN 275561)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  *BertzykS@gtlaw.com*

GREENBERG TRAURIG, LLP
GERARDO RODRIGUEZ-ALBIZU (Admitted *Pro Hac Vice*)
777 South Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7900
Facsimile:  (561) 655-6222

Attorneys for Plaintiff
AREAS USA SJC, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREAS USA SJC, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>MISSION SAN JOSE AIRPORT, LLC, a Colorado limited liability corporation; and MISSION YOGURT, INC., a Colorado corporation,<br><br>       Defendants. | CASE NO.  C11-04487 HRL<br><br>**PLAINTIFF AREAS USA SJC, LLC'S LIST OF WITNESSES TO BE CALLED AT TRIAL**<br><br>Complaint filed:  September 9, 2011<br>Trial date:      January 7, 2013 |

PLAINTIFF'S TRIAL WITNESS LIST

In accordance with the Court's Standing Order re: Pretrial Preparation, plaintiff Areas USA SJC, LLC submits this list of witnesses to indicate those witnesses Areas presently intends to call at trial, as well as those witnesses Areas may call depending upon the circumstances.  As required by the Standing Order, this list provides a brief statement following each name describing the substance of the testimony anticipated to be given..  As allowed by the Standing Order, this list does not include witnesses intended solely for impeachment or rebuttal.  Further, events and circumstances may change markedly, both after the Court rules on pre-trial motions and during the trial itself.  For this reason, Areas ultimately may choose not to call certain of the witnesses it presently intends to call; likewise, changed circumstances may make it appropriate for Areas to seek to call additional witnesses not presently listed below, including witnesses to lay a foundation for admission of exhibits should Mission not stipulate to admission.

The list provided below is intended to represent those witnesses that Areas presently intends to call, or may call, during its case-in-chief.  Some of these witnesses also may have facts to impeach Mission or its representatives.  Because pure rebuttal witnesses need not be disclosed, Areas has not provided here the names of the insurance rebuttal witnesses previously designated., but notes that their names and substance of their testimony already have been made known to Mission.

## WITNESSES AREAS INTENDS TO CALL

1.      **Eduardo Uribe.**  Mr. Uribe is the Vice President of Business Development for Areas USA, Inc  Areas anticipates that Mr. Uribe would testify to the following topics:  (i) introduce Areas to the jury through a brief description of its history and operations; (ii) the Prime Contract and Areas' business plan for developing concession spaces, either direct or through subcontracts; (iii) the reasons for provisions like section 22 of the Concession Subcontract with Mission (and a similar provision in the Prime Contract); (iv) evolution of Areas' development efforts at the Airport; (v) specific evolution of TA-21 space, including evolution of concepts within the space, its change of locations and the reasons therefore; (vi) Areas' understanding as to the effect of the space swap; (vii) development of Areas' relationship with the Mission Yogurt and Mission's performance on both of its subleases; (viii) damages to Areas from Mission's refusal and failures to honor its contractual obligations with respect to the TA-

21 space; (ix) foot traffic at the San Jose Airport and how foot traffic factors into revenue projections; (x) Areas' efforts to help Mission obtain franchise agreements, as well as commitments by the Airport to provide Mission with cost assurances and absence of intent to deceive Mission; (x) the fact that Areas always has been able to insure all its spaces at the Airport, including the TA-21 space; (xii) Areas' experiences with some of the same types of issues Mission claims are impeding its progress, and the very different ways Areas has responded; (xii) Areas' relationship with the Legends Group and reasons why that relationship was discontinued.

   **2.   Xavier Rabell Torello.**  Mr. Torello is CEO of Areas USA, Inc.  Areas intends to call Mr. Torello to testify to some or all of the topics listed above for Mr. Uribe.  Because witness order has not yet been determined, the best Areas can say for now is that, although there may be some modest overlap between the two witnesses (especially on the most central issues), Areas will make every effort to minimize duplication.

   **3.   Huy Pham.**  Mr. Pham is the Director of Business Development for Areas USA, Inc. after describing his background and job duties, Mr. Pham will testify to his efforts to sublease the TA-21 space, culminating in the Concession Sonbcontract with Mission.  Mr. Pham will describe how Mission had expressed an interest in expanding to California, how he extended the opportunity to Mission to operate concessions at two separate spaces, one in Terminal A and one in Terminal B, and how Mission ultimately came to take both spaces.  Mr. Pham is expected to testify that he expressly steered Mr. Tafoya to the Legends Group for design/build-out expertise, and specifically directed the Legends Group in writing to provide Mission with the relevant information he needed to evaluate whether to take the TA-21 space and Legends assurances to him; in that regard, Areas' anticipates introducing through Mr. Pham documents confirming the foregoing, as well as a document from Rod Tafoya confirming his knowledge, prior to entering into the subcontract, of the existence of a baggage system underneath the TA-21 space.  In short, Mr. Pham is expected to provided testimony to refute every element of Mission's "fraud in the inducement" defense to performance of this contract.

   **4.   Irv Tosk and/or Patrick McCue.**  Mr. Tosk and Mr. McCue are Airport officials familiar with (i) the TA-21 space and issues as to its build-out, (ii) the baggage system and CTX

machines on the first floor of Terminal A, (iii) the TA-21 space swap and reasons therefore, (iv) the Airport's actual build-out requirements (i.e., that many of things Mission claims make build-out costly are not required), (v) the Airport's indemnity offers with respect to any genuine added build-out costs and the only impediment thereto (Mission's refusal to submit final build-out plans so that the Airport has assurance is not writing a blank check), (vi) the Airport's concerns with respect to Mission and its performance, and (vii) foot traffic at the airport.  It is expected that they would provide testify on all of these topics.

Areas intends, if possible, to call only one of these two witnesses, so as to streamline trial and minimize inconvenience.  That decision will be based on the scope of each witness's personal knowledge and witness availability at the time of trial.

**5.**     **Tony Hidalgo.**  Tony Hidalgo is the personal most knowledgeable for Hensel Phelps, the Airport's contractor.  Mr. Hidalgo is expected to testify to airport requirements for build-out, the TA-21 space swap and reasons therefore, the design discretion vested in Mission, and that the current space is developable.

**6.**     **Shawn Smith.**  Mr. Smith is a broker who worked with Fresh Choice and Togo's as possible franchises for the TA-21 space; he has past experience dealing with Mission and Rod Tafoya.  Mr. Smith is expected to testify that things such as the baggage system, CTX machines, space swap and reasons therefore were common knowledge, and that no one instructed him to keep anything from Mission.  He further is expected to testify to his dealings with Mission and its representatives with respect to the TA-21 space.

**7.**     **Todd Peterson.**  Mr. Peterson is a representative of Togo's.  He is expected to testify similarly to Mr. Smith, and to Togo's dealings with Mission.

**8.**     **Sandy Boyd.**  Sandy Boyd is a representative of Fresh Choice, another brand earmarked for the TA-21 space.  He is expected to testify to a face-to-face meeting, at which Mission's Rod Tafoya was present and the CTX machines about which Mission now complains were a topic of discussion.  Mr. Boyd previously has been unable to fix the precise date of this meeting based on documents in his possession, but Areas believes, based on documents in its possession, that the meeting took place prior

to Mission entering into the Concession Subcontract. If Mr. Boyd's recollection can be refreshed, Areas most likely would dispense with further witnesses to fix the date of that meeting; if not, other witnesses may be called.

9.      **Derrick Chin.** Mr. Chin is Areas' newly hired Director of Construction. He was hired on September 13, 2012 (after the fact discovery cutoff in this case). Mr. Chin will testify to his responsibilities for overseeing construction and build-out of concession space on Areas' behalf, the types of problems he has encountered (and events that have arisen) since his hiring, and his dealings with such problems not just at San Jose, but at other airports -- not mention the very different way Areas has responded to issues than Mission has.

## WITNESSES AREAS MAY CALL

1.      **Mission's Rod Tafoya and Mark Schafer.** Both individuals are Colorado residents who cannot be compelled to appear; they also are party representatives whose depositions can be used even if they are present. Areas presently intends to simply present deposition testimony from these two witnesses in its case-in-chief, but may call them to testify live if circumstances so warrant. Should they be called to testify live, Areas anticipates that the witnesses would testify to the same subject matters designated from their deposition transcripts.

2.      **Legends' Stanley Jackson and Justin Jackson.** Both individuals are Texas residents who cannot be compelled to appear; they also are party representatives (hired by Mission, represented by Mission counsel and, in the case of Stanley, a designated Mission expert) whose depositions can be used even if they are present. Areas presently intends to simply present deposition testimony from these two witnesses in its case-in-chief, but may call them to testify live if circumstances so warrant. Should they be called to testify live, Areas anticipates that the witnesses would testify to the same subject matters designated from their deposition transcripts.

3.      **Ingrid Walatka.** In the relevant time frame, Ms. Walatka was Director of Product Development at Fresh Choice Restaurants, LLC. Areas may call Ms. Walatka to corroborate Mr. Boyd's testimony and/or to fill in gaps as to dates.

**4.     Howard Nudell.** Mr. Nudell has been designated as a rebuttal expert, but he also has percipient knowledge concerning the San Jose Airport and what types of requirements it imposes on build-outs. Areas may elicit some testimony from Mr. Nudell in its case-in-chief.

**5.     Charles Bluemle.** Mr. Bluemle has been serving as Airport General Manager for Areas. Areas might call Mr. Bluemle to testify regarding Areas' interactions with Mission and The Legends Group, and regarding what certain witnesses Mission may call told Mr. Bluemle about their interactions with Mission and The Legends Group.

Dated: December 4, 2012                          GREENBERG TRAURIG, LLP


                                                 By: _/s/ Scott D. Bertzyk____
                                                     Scott D. Bertzyk
                                                     Attorneys for Plaintiff,
                                                     AREAS USA SJC, LLC

# JOINT PRETRIAL
# STATEMENT AND REPORT

# EXHIBIT 4

Meryl Macklin (CA State Bar No. 115053)
*meryl.macklin@hro.com*
Daniel T. Rockey (CA State Bar No. 178604)
*daniel.rockey@hro.com*
BRYAN CAVE LLP
560 MISSION Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999

Attorneys for Defendants:
MISSION SAN JOSE AIRPORT, LLC and MISSION YOGURT, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AREAS USA SJC, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>    v.<br><br>MISSION SAN JOSE AIRPORT, LLC, a Colorado limited liability company, and MISSION YOGURT, INC., a Colorado corporation<br><br>          Defendants. | CASE NO. CV11-04487 HRL<br><br><br>DEFENDANTS' WITNESS LIST<br><br>Trial Date:  Jan 7, 2013<br><br>Courtroom:  Hon. Howard R. Lloyd |

1
DEFENDANTS' WITNESS LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82699.1

Pursuant to the Court's Standing Order re: Pretrial Preparation and Rule 26(a)(3), Defendants Mission San Jose Airport, LLC and Mission Yogurt, Inc. (collectively, "Mission") set forth the name of each witness they expect to call at trial other than solely for impeachment or rebuttal, along with a brief statement describing the substance of the testimony to be given.

## I.   Roderick Tafoya

### A.   Percipient Lay Witness Testimony

Mr. Tafoya, Mission's President, will testify that he was assured by Areas' Huy Pham that there were no unusual construction issues with the TA-21 space, that construction costs would be consistent with costs incurred at other spaces in San Jose, including San Jose Joes, and that so long as long as Mission met the contractual minimum cost per square foot, Mission would be fine. Tafoya will further testify that he was never told of the presence of the baggage handling system or CTX machines beneath TA-21, the requirements and restrictions imposed by the airport or the increased costs expected as a result, prior to signing the Concession Subcontract. Tafoya will also testify that although he was told that the TA-21 space had been swapped with the space next door, he was told that it was at the airport's request and to address cuing issues and to get Hudson News out of its current space. He was never told that the spaces were swapped in an effort to address issues beneath the space.

Tafoya will testify that he relied on Areas' representations and would not have entered into the Concession Subcontract had he been told the truth, or the above facts not been concealed. Tafoya will further testify that he has worked with the Legends Group to attempt to determine the amount of increased costs expected to build out the space as a result of the baggage handling system and CTX machines and understands that it will be anywhere from several hundred thousand dollars to as much as $800,000 or more.

Finally, Tafoya will testify to his efforts to obtain liability insurance coverage for the TA-21 space sufficient to cover the potential exposure resulting from damage to the CTX machines and baggage conveyor equipment.

2
DEFENDANTS' WITNESS LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82699.1

1

        B.      Percipient Expert Witness Testimony

2        Tafoya has also been designated as a percipient expert witness on the issue of lost profits and

3  will testify that Mission has suffered lost profits from not being able to build out the TA-21 space as

4  expected.  Tafoya will testify to the profits that Mission reasonably expects to have made from

5  operating three concession brands in TA-21 based on the profits Mission has made over

6  approximately the same period at San Jose Joes and based on his experience in operating foodservice

7  concessions at other airports.

8    **II.**    **Justin Jackson**

9

10        Justin will testify that he is employed by the Legends Group and, in that capacity, served as

  the on-site Project Manager for Areas at the San Jose Airport for part of 2009, 2010 and part of

11  2011.  He will testify that Areas was informed of the serious issues beneath TA-21 in 2009 and again

12  in early 2010, and the increased costs associated therewith and that Areas complained to the airport

13  and ultimately requested that TA-21 be swapped with the space next door in an effort to address the

14  issues.

15        Justin will further testify that on or about June 2, 2010, as Tafoya was traveling to San Jose

16  to inspect TA-21 (after TA-21 was partially reconfigured), Areas' Huy Pham pulled him aside and

17  instructed him not to escort Tafoya beneath the space (where the CTX machines were), that Areas'

18  CEO, Xavier Rabell, told Pham that Pham's job was on the line if he didn't get Mission to take the

19  space, and that Mission was Areas' last hope.  Justin then called his father, Stanley Jackson,

20  President of Legends, and told him that Pham was asking him not to disclose the problems to

21  Mission or allow Mission underneath the space.

22        Jackson will also testify that he never disclosed or discussed the problems beneath TA-21

23  with Mission prior to August 2010 and did not provide any budget or cost estimates to Mission prior

24  to Legends being retained by Mission in September 2010 and told Pham that could not do so in June

25  2010 because of all of the issues beneath the space.

26    **III.**    **Stanley Jackson**

27        A.      Percipient Lay Witness Testimony

28

82699.1

1    Stanley Jackson, President of Legends, will testify that Legends was retained as a Project

2  Manager for various Areas construction projects during 2009, 2010 and 2011, including the San Jose

3  Airport.  He will testify that in mid-2009, as Areas was investigating the build out of TA-21 as a

4  Tony Roma's, he accompanied Areas executive Mark Taitt beneath the space and that it was

5  immediately apparent that there were problems.

6    He will further testify that as Areas' Project Manager at San Jose, Legends and Areas were

7  informed in January 2010 that any food and beverage concession in TA-21 would have to comply

8  with various restrictions and requirements in order to protect the baggage handling system and CTX

9  machines beneath the space, and that Stanley informed Areas' Pham that he would have to disclose

10  these issues to any DBE interested in a subconcession contract for the TA-21 space.  He will testify

11  that Legends informed Areas that TA-21 was not a good venue for a food and beverage concession

12  and about the substantial costs associated with the issues beneath the space.

13    Stanley will also testify that on or about June 2, 2010 he received a call from Justin

14  informing him that Pham instructed Justin not to allow Tafoya beneath the space, that Rabell had

15  told Pham that his job was on the line and that Mission was Areas' last hope of finding someone to

16  take the TA-21 space.  Stanley will testify that he told Justin that Legends worked for Areas and that

17  if that is what they said to do, he needed to do what Areas said.  He will testify that he phoned Pham

18  to ask him "Huy., what are we doing here?" and that Pham told him that Areas needed Legends to

19  help get TA-21 sold, that Pham's job was on the line and that Legends was not to disclose the issues

20  beneath the space until the ink was dry on a deal.  Stanley will testify that he did not discuss with

21  Mission or disclose to it the issues beneath the space, or provide any budgets or costs estimates to

22  Mission, prior to September 2010 when Legends was retained by Mission.

    B.    Percipient Expert Testimony

    Stanley has also been designated as a percipient expert witness to testify concerning

25  Legends' efforts on behalf of Mission to develop a plan and costs estimates to build a foodservice

26  concession in TA-21 and the extra costs associated with constructing a foodservice concession in

27  TA-21 in light of the baggage handling system and CTX machines beneath the space.

28

4

DEFENDANTS' WITNESS LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82699.1

IV.     **Daniel Ludwig**

     A.     Percipient Lay/Expert Testimony

Daniel Ludwig, Legends' Chief Estimator, was primarily responsible for estimating the cost of developing a foodservice concession in such a manner as not to interfere with the baggage handling system and CTX machines beneath the space and in compliance with the airport's requirements and restrictions and will testify to his efforts in that regard.

V.     **Mark Taitt**

Mark Taitt, Vice President of Operations and head of Design/Build for Areas, will testify that he was responsible for managing Areas' efforts to build out concessions at San Jose Airport, including the Tony Roma's in TA-21. In connection with the effort to build out TA-21 as a Tony Roma's in mid-2009, Taitt was escorted beneath the space by the Legends Group and it was immediately apparent that any build out of a foodservice concession in TA-21 would be extremely challenging and expensive. He will further testify that others at Areas were aware of the equipment under TA-21 and associated difficulty and expense, including Huy Pham and Eduardo Uribe, and that the difficulty and expense was a primary reason for Areas' decision not to build out TA-21 itself and to instead try to find a Disadvantaged Business Entity to build out the space.

VI.     **Michael Crennen**

Michael Crennen, of Crennen & Co. Insurance will testify that he attempted to obtain liability insurance coverage for TA-21 to cover potential damage to the baggage handling system and CTX machines beneath the space. Mr. Crennen will testify that he was unable to obtain coverage from the carriers with which his firm has relationships. Crennen will also testify to the difficulty and expense of attempting to obtain an umbrella insurance policy sufficient to cover potential damage to the CTX machines from a specialty carrier.

82699.1

### VII.   Jeff Reddy

Mr. Reddy will testify (by deposition testimony) that it is not common to have to work around CTX machines in airports and that of all of the projects on which he has worked with Mission none involved baggage systems or CTX machines.  He will also testify that it is uncommon to have to waterproof an entire concessions area and that waterproofing presents an additional expense.  He will testify that you cannot guarantee that waterproofing will prevent water leakage into the area below a concession space and that he is aware of at least two instances at Denver International Airport in which water leaks have been experienced.

### VIII.   Phil Zlatunich

Zlatunich, Estimator and Project Manager for Critchfield Mechanical, Inc., will testify to his experience concerning plumbing and construction matters at the San Jose Airport and his efforts to estimate the costs of running plumbing under TA-21 in compliance with airport requirements.

By:  */s/  Daniel T. Rockey*
     Daniel T. Rockey

DEFENDANTS' WITNESS LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82699.1

# JOINT PRETRIAL
# STATEMENT AND REPORT

# EXHIBIT 5

1  GREENBERG TRAURIG, LLP
   SCOTT D. BERTZYK (SBN 116449)
2  DENISE M. MAYO (SBN 275561)
   1840 Century Park East, Suite 1900
3  Los Angeles, California 90067
   Telephone: (310) 586-7700
4  Facsimile:  (310) 586-7800
   Email:  *BertzykS@gtlaw.com*
5
   GREENBERG TRAURIG, LLP
6  GERARDO RODRIGUEZ-ALBIZU (Admitted *Pro Hac Vice*)
   777 South Flagler Drive, Suite 300 East
7  West Palm Beach, Florida 33401
   Telephone: (561) 650-7900
8  Facsimile:  (561) 655-6222
9  Attorneys for Plaintiff
   AREAS USA SJC, LLC
10
11
12                   **UNITED STATES DISTRICT COURT**
13                   **NORTHERN DISTRICT OF CALIFORNIA**
14
15  AREAS USA SJC, LLC, a California        **CASE NO.  C11-04487 HRL**
    limited liability company,
16
              Plaintiff,                   **PLAINTIFF AREAS USA SJC, LLC'S**
17                                          **TRIAL EXHIBIT LIST**
    vs.
18
    MISSION SAN JOSE AIRPORT, LLC, a
19  Colorado limited liability corporation; and
    MISSION YOGURT, INC., a Colorado        Complaint filed:  September 9, 2011
20  corporation,                            Trial date:       January 7, 2013
21            Defendants.
22
23
24
25
26
27
28

                    PLAINTIFF'S TRIAL EXHIBIT LIST

In accordance with the Court's Standing Order re: Pretrial Preparation, plaintiff Areas USA SJC, LLC ("Areas") submits this list of exhibits that it presently believes it may offer into evidence at trial. As allowed, this list does not include exhibits intended solely for impeachment or rebuttal. Further, events and circumstances may change markedly, both after the Court rules on pre-trial motions and during the trial itself. For this reason, Areas ultimately may choose not to seek admission of each of the exhibits listed below; likewise, changed circumstances may make it appropriate for Areas to seek the introduction of additional exhibits not presently listed below.

The list provided below is intended to represent those exhibits that Areas believes it is most likely Areas might seek to introduce during the course of this trial, exclusive of exhibits intended solely for impeachment or rebuttal.

For the purposes of this list, the initials indicating the sponsoring witnesses relate to the following anticipated witnesses:

RT: Rod Tafoya

MS: Mark Schafer

SJ: Stanley Jackson

JJ: Justin Jackson

HP: Huy Pham

EU: Eduardo Uribe

PM: Patrick McCue

IT: Irv Tosk

GAH: Guillermo Anthony Hidalgo

XRT: Xavier Rabell Torello

KH: Kathleen Henning

LL: Lynne Lupkus

JHN: J. Howard Nudell

JSR: Jeffry Reddy

TP: Todd Peterson

PLAINTIFF'S TRIAL EXHIBIT LIST

IW:  Ingrid Walatka

SB:  Sandy Boyd

SS:  Shawn Smith

| Exhibit | Description | Purpose / Substance | Sponsor |
|---|---|---|---|
| 3 | 6/15/10 email from Tosk requesting TA-21 CAD files sent to Reddy | Drawings made available to Mission's architect pre-contract | JSR/GAH |
| 4 | 2-pg overlay drawings of TA-21 (MSJC774-775) | Layout of premises | ADMITTED |
| 5 | Leaseline drawing superimposed over conveyor belts (HP26) | Layout of premises | ADMITTED |
| 6 | Leaseline drawing w/ proposed concession layout (HP27) | Layout of premises | ADMITTED |
| 7 | 3/5/10 email from Tosk to Justin et al. w/ TA-20 & TA-21 leaseline drawings attached (RRA37-44) | Post-space-swap drawings of TA-21 provided to Legends, pre-contract | ADMITTED |
| 8 | 6/30/10 email from Reddy to Tafoya w/ 3 conceptual plans (MSJC742-745) | Mission and architect exchanging design plans, pre-contract | JSR/RT |
| 9 | 7/13/10 email from Schafer to Reddy w/ floor plans (RRA17-19) | Mission designing space w/ architect, pre-contract and post-site visits | JSR/MS |
| 10 | 7/14/10 email from Tafoya to Pham ("depends on the bag system") (AUSA786) | Mission knew of baggage system pre-contract | HP/RT |
| 11 | 7/16/10 email from Reddy to Tafoya and Pham w/ updated plan (RRA13-15) | Mission's architect revised plan after Tafoya's comment re baggage system | JSR/RT/HP |
| 12 | 7/20/10 email from Reddy to Tafoya and Pham w/ revised plan (RRA11-12) | Mission's architect revised plan after Tafoya's comment re baggage system | JSR/HP |
| 13 | 9/17/10 email Huy/Stanley re Rod's | Tafoya's planned breach (minimum capital | SJ/HP/DL |

| | | $800k budget (LG48-49) | expenditure was 50% more) | |
|---|---|---|---|---|
| | 14 | Mission Yogurt, Inc. -- "Mission of Excellence" promo materials (AUSA1157-1165) | Mission's sophistication | RT/MS |
| | 16 | Proposed concession areas drawing (MSJC-- | Mission had drawings | RT |
| | 17 | 7/16/10 & 7/19/10 emails from Reddy to Pham and Tafoya w/ updated plan (AUSA1875-1883) | Mission had drawings | JSR/HP/RT |
| | 18 | 12/19/11 email from Tafoya to Schafer fwding Reddy updated plan (MSJC669-671) | Mission had drawings | RT/MS |
| | 19 | 4/16/10 email from Levine to Tafoya re meeting Mark & Rod at SJC (DL9) | Mission visited SJC pre-contract | RT |
| | 21 | 12/26/11 email from Tafoya to Schafer fwding pre-K discussions (MSJC615-616) | San Jose Joe's and TA-21 package deal | RT/HP |
| | 22 | 4/29/10 email from Pham to Airport re Mission has committed to take space (AUSA1664) | San Jose Joe's and TA-21 package deal | HP/PM/IT |
| | 23 | 10/14/10 email from Original Joe's to Schafer et al. re issues with Mark & Rod's management (DL12) | Mission is uncooperative | HP/MS |
| | 24 | Legends' "Total Budget" of $1,833,000 for TA-21 (LG56) | Mission's sole, unfounded budget document | RT |
| | 25 | Legends' "CTX Work Scope Budget" of $840,821 | Mission requesting costs info from Legends | RT |
| | 26 | Mission's Second Amended Answer and Counterclaims | Will be used both for admissions and impeachment | JUDICIAL NOTICE |
| | 29 | Duplicate of Exhibit 7 (w/ Bates MSJC136-143) | Post-space-swap drawings of TA-21 provided to Legends, pre-contract | ADMITTED |
| | 30 | Mission / D-Lew Assignment Agreement for San Jose Joe's (MSJC470-476) | Mission contracted for San Jose Joe's space | ADMITTED |
| | 31 | Mission / D-Lew Assignment of Concession Subcontract | Mission contracted for | ADMITTED |

PLAINTIFF'S TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | (MSJC477-483) | San Jose Joe's space | |
| | 32 | Mission / D-Lew Assignment of License Agreement (MSJC484-491) | Mission contracted for San Jose Joe's space | ADMITTED |
| | 33 | 12/26/11 email from Tafoya to Schafer fwding Pham email re Mission footdragging (MSJC622) | Mission is uncooperative | HP |
| | 35 | Areas / Mission Concession Subcontract (signed) (MSJC369-390) | Existence of contract; terms | ADMITTED |
| | 36 | Areas / Mission Guaranty (signed) (MSJC395-402) | Existence of contract; terms | ADMITTED |
| | 37 | 7/15/10 email from Tafoya to Pham and counsel re negotiating contract language (AUSA135-136) | Mission negotiated K terms | HP/RT/EU |
| | 38 | 8/6/10 email re fully executed Concession Subcontract (AUSA1405-1427) | Date K was executed | HP/RT/EU |
| | 39 | 8/6/10 email from Tafoya asking for alcohol clause (AUSA1598) | Proof of Tafoya's skittishness and unwillingness to proceed for other reasons | HP/RT/EU |
| | 40 | 8/18/10 email from Tafoya to counsel and Areas confirming 6/30/10 effective date for K (AUSA936) | Effective date of K | HP/RT/EU |
| | 41 | 8/16/10 email from Tafoya to Pham re airport approval of concepts, franchise agreements (AUSA1897-1898) | Mission's foot-dragging | RT/HP |
| | 42 | 9/7/10 email from Tafoya to Pham, Legends re getting info from Tafoya (AUSA770-772) | Mission's foot-dragging | HP/RT/JJ/SJ |
| | 43 | 9/9/10 email from Togo's communicating concept info to Tafoya (TG109-111) | Mission purporting to move forward, but with various excuses | TP/RT |
| | 44 | 9/13/10 email from Stanley to Legends/architects re "problems," planning SJC visit to view space underneath (MSJC713-717) | Mission continued to make plans without complaint | SJ/JJ/DL |
| | 46 | 9/15/10 email from Albi to Stanley, Tafoya, et al. showing space superimposed over baggage | Mission has drawings and continues to make | SJ/RT |

4

| | | system (SJC71-73) | plans to build out | |
|---|---|---|---|---|
| | 49 | 12/6/10 email from Areas A/R to Tafoya re returned check, $90,000 due (AUSA49-50) | Mission in breach | RT |
| | 51 | 12/21/10 email from Tafoya to Shawn Smith re not executing franchise agreements (TG737) | Mission making excuses | RT/SS |
| | 52 | 1/5/11 email from Uribe to Areas re Tafoya outstanding fees (AUSA897-899) | Mission in breach | HP/XRT/EU |
| | 53 | 2/1/11 email from Stanley to Tafoya re work stopping, Tafoya nonresponsive (LG61) | Mission in breach | SJ/RT |
| | 54 | 2/8/11 email from Stanley to Pham re "Rod is Rod" (AUSA912-913) | Mission making excuses | HP/SJ |
| | 55 | 2/2/12 email from McCue to Uribe re SJC will subsidize extra build-out cost (SJC58) | No damage to MIssion/ excuse | EU/PM |
| | 58 | 4/8/11 email from Tafoya to Justin, Pham re not building out TA-21 (AUSA774) | Mission making excuses | RT/JJ/HP |
| | 59 | 5/4/11 email from Tafoya to Areas re "still negotiating whether Togo's should be built" (AUSA931) | Mission making excuses | RT/HP |
| | 60 | 6/6/11 email from Tafoya to Areas scheduling call to resolve SJC issues (AUSA1643) | Mission in breach; Areas attempting to resolve | RT/HP |
| | 61 | 6/20/11 demand letter to Mission (MSJC20-22) | Mission in breach | RT |
| | 62 | 7/11/11 email from Stanley to Tafoya, Justin re new build-out estimate (MSJC13-15) | Mission still not claiming fraud | SJ/JJ/RT |
| | 63 | 7/19/11 Mission response to Areas' demand letter (MSJC9-12) | Mission in breach | RT |
| | 64 | 2/10/12 email from McCue to Tafoya re costs associated w/ CTX (SJC56) | Efforts to resolve | PM/RT |
| | 69 | 2/1/10 Areas/SJC conference call notes (Flip-flop of Tony Roma's space to resolve CTX issues) (AUSA1653-1655) | CTX issues resolved by swap | IT/PM/XRT/HP |

PLAINTIFF'S TRIAL EXHIBIT LIST

| | | | |
|---|---|---|---|
| 70 | 2/25/10 email from Tosk ("TA-21 Space Swap") w/ lease outline drawing (AUSA1656-1657) | Space swap finalized pre-Mission | IT/PM/GAH |
| 76 | 10/12/10 Hensel Phelps internal email w/ TA-20, TA-21 drawings (HPCC28-32) | Drawing available | GAH |
| 79 | 8/21/09 email from Pham to Airport re subleasing Tony Roma's (AUSA1622) | Areas planning to sublease TA-21 | PM/IT/HP/EU/XRT |
| 85 | 2/9/10 email from Pham to Yoo, S. Smith re swapping spaces TA-20 / TA-21 due to CTX (JDDA18-24) | Reason for space swap | HP/SS |
| 86 | 2/13/10 email among JDDA, Togo's, Fresh Choice planning 2/22/10 meeting at SJC site (TG226) | Determining dates of site visits | SS/TP/SB/HP |
| 87 | 2/18/10 email from Shawn Smith to various confirming 2/22/10 mtg at SJC with all partners (TG224) | Determining dates of site visits | IW/SS/TP/SB/HP |
| 89 | Email w/ minutes from 2/18/10 Areas/SJC mtg ("great site visit at the Tony Roma's space" w/ all 3 brands) (1776-1779) | Determining dates of site visits | IT/PM/HP/XRT |
| 90 | 4/21/10 email from Tafoya to Pham re proforma, revised construction cost (AUSA2011-2012) | Areas freely provided info to Mission | HP/RT |
| 94 | 5/8/10 email from Levine to Pham re Tafoya's nonresponsiveness (DL83-86) | Mission's foot-dragging | HP |
| 96 | 5/21/10 email from Mission's counsel to Pham re Prime Contract, drawing of TA-21 in Ex. B (MSJC133) | Areas confirmed the exact space Mission was getting, pre-contract | RT/HP |
| 99 | 6/2/10 email among Legends, Areas, Mission planning 6/2/10 meeting at Admirals club (MSJC632-633) | Determining dates of site visits | HP/RT/JJ/TP/IW |
| 100 | 6/3/10 Areas/SJC meeting notes [Justin in attendance] (SJC122-123) | Areas facilitated free info flow among Mission, Legends, Airport | HP/IT/JJ/PM/RT/MS |
| 101 | 6/2/10 email among Mission, Areas, counsel re revised concession subcontract | Mission negotiated K terms | HP/RT |

PLAINTIFF'S TRIAL EXHIBIT LIST

| | | (AUSA846-863) | | |
|---|---|---|---|---|
| | 102 | 6/7/10 email among Mission, Areas, counsel re various K terms (AUSA1835-1839) | Mission negotiated K terms | HP/RT |
| | 103 | Meeting notes from 6/10/10 Areas/SJC meeting discussing progress w/ Mission deal (SJC124-125) | Areas made Legends the middleman for handling TA-21 build-out | HP |
| | 104 | 7/14/10 Outlook appointment for call w/ Mission, Areas, counsel (MSJC668) | Areas and Mission had meeting on day Tafoya told architect plans depend on baggage system | HP/RT |
| | 107 | 7/27/10 email from Tafoya to Justin and Pham re site visit, badging (AUSA937-938) | Mission, Legends, Areas freely discussing badging, pre-contract | HP/JJ/RT |
| | 108 | 8/5/10 email from Tafoya to Pham re Mission signed K, alcohol (AUSA1884-1886) | Date K was executed | RT/HP |
| | 110 | 8/18/10 email from Pham to Tafoya w/ executed agreement, back-dated to 6/30/10 (MSJC28) | Effective date of K | RT/HP/EU |
| | 112 | 9/7/11 email from Flaherty to La Baguette re TA-21 sublease (AUSA1614-1615) | Mitigation of damages | HP/XRT |
| | 119 | 1/25/11 email from Legends to Areas re moving forward with TA-21 (AUSA700-701) | Mission still not claiming fraud | JJ/SJ/EU |
| | 120 | 7/23/10 email from Areas to Mission & counsel w/ revised Concession Subcontract (AUSA1328-1353) | Mission negotiated K terms | RT/HP/EU |
| | 127 | Areas document subpoena to The Legends Group | Mission withholding documents | SJ |
| | 128 | 6/9/10 email between Justin and Pham confirming Legends communicated build-out info to Mission | No concealment | JJ/HP/EU |
| | 133 | 2/9/10 email from Tosk to Legends, Areas, SJC re potential space swap w/ drawing or proposed swap. Justin taking pictures of CTX machines that day. (AUSA2093-2094) | Space swap known to Legends | IT/PM/JJ/HP/GAH |

| | | | |
|---|---|---|---|
| 135 | 8/27/12 email from McCue explaining space swap amendment, w/ 2/18/10 Areas letter to SJC re location swap | Space swap finalized pre-Mission | EU/PM |
| 137 | 1/17/11 sketch layout of Togo's / Fresh Choice / Sip Savvy | Mission still not claiming fraud | RT |
| 138 | 3/5/10 email from Tosk to Justin et al. w/ TA-20 & TA-21 leaseline drawings attached (AUSA2055-2064) | No concealment | IT/JJ/PM/GAH |
| 139 | Notes from 6/3/10 Areas meeting (w/ Justin, Tafoya, Schafer) re Togo's and Fresh Choice in TA-21 (SJC122-123) | No concealment | RT/HP/JJ |
| 144 | J. Howard Nudell CV; 11/11/12 from Areas' counsel to Nudell confirming no publications by Nudell | Expert qualifications | JHN |
| 145 | J. Howard Nudell list of state certifications and registrations | Expert qualifications | JHN |
| 146 | Diagram of portion of Terminal A | Layout of premises | JHN |
| 149 | September 2007 SJC "Concession Tenants Improvements Design Criteria" | SJC construction requirements | JHN/PM/IT/SJ |
| 150 | Nudell Architects plan for Sora in Terminal A of SJC | Application of SJC construction requirements; possible to build-out over baggage system | JHN/PM/IT/SJ |
| 151 | TA-21 composite plan showing CTX on Level 1 below | Layout of premises | JHN/PM/IT/SJ |
| 152 | Floor sink penetration diagram | Construction requirements | JHN/PM/IT/SJ |
| 154 | J. Howard Nudell expert rebuttal report letter | Expert report | JHN |
| 157 | 1/29/09 "Food and Beverage Concession Agreement" (Prime Contract) between Areas and SJC Airport | Terms of prime contract | ADMITTED |
| 158 | Duplicate of Exhibit 7 (except w/ Bates numbers AUSA1590-1597) | Areas produced document with space swap drawings early on | ADMITTED |

PLAINTIFF'S TRIAL EXHIBIT LIST

| 159 | 5/4/09 email from Stanley Jackson to Areas, architects re Tony Roma's (LG 71-72) | Areas was not building out Tony Roma's itself | SJ |
|---|---|---|---|
| 160 | Declaration of Sandy Boyd | Mission knew of baggage system and issues prior to contract | SB |
| 161 | 5/2/12 Declaration of Legends custodian, signed by Stanley Jackson | Mission/Legends withheld documents | SJ |
| 162 | 10/13/10 letter from Airport to Legends re capital expenditures on concessions (AUSA2048-2053) | Typical build-out expenditures at SJC | PM/JJ/IT |
| 163 | 10/5/11 letter from Areas' counsel to Mission Yogurt (guarantor) re default on San Jose Joe's contract | Mission does not honor contractual obligations | RT |
| 164 | 10/5/11 letter from Areas' counsel to Mission San Jose Airport re default on San Jose Joe's contract | Mission does not honor contractual obligations | RT |
| 165 | 2/23/12 letter from Areas' counsel to Mission Yogurt (guarantor) re default on San Jose Joe's contract | Mission does not honor contractual obligations | RT |
| 166 | 2/23/12 letter from Areas' counsel to Mission San Jose Airport re default on San Jose Joe's contract | Mission does not honor contractual obligations | RT |
| 167 | 11/9/12 letter from Areas to Mission re proof of insurance on San Jose Joe's | Mission does not honor contractual obligations | RT |
| 168 | 11/16/12 letter from Mission to Areas re proof of insurance on San Jose Joe's | Mission does not honor contractual obligations | RT |
| 169 | 11/20/12 letter from Areas to Mission re deficient proof of insurance on San Jose Joe's | Mission does not honor contractual obligations | RT |
| 170 | 11/26/12 letter from Mission to Areas re deficient proof of insurance on San Jose Joe's | Mission does not honor contractual obligations | RT |
| 171 | 1/14/10 Concession Subcontract between Areas and D-Lew Enterprises (AUSA491-507) | Terms of contract for San Jose Joe's | ADMITTED |
| 172 | 9/13/10 email from architects to Legends, Airport, et al. confirming "no conflicts between the baggage | No hidden or unusual build-out issues | GAH/JJ/IT/DL |

| | | system" and the space | | |
|---|---|---|---|---|
| | 173 | SJC "Tenant Mix and Concession Plan" (AUSA2013-2015) | TA-21 designated for sublease | IT/PM |
| | 174 | 6/1/10 email from Pham to Tafoya and Mission's counsel re space swap (MSJC634-637) | Areas told Mission pre-contract about space swap | HP/RT/EU |
| | 175 | 6/20/11 demand letter from Areas' counsel to Mission Yogurt, Inc. | Mission in breach | RT |
| | 176 | SJC enplanements 2009-2010 (AUSA 2101) | Motive for Mission's breach | IT/PM |
| | 177 | SJC enplanements 2010-2011 | Motive for Mission's breach | IT/PM |
| | 178 | 11/29/12 letter from Airport to Areas w/ 2009-2011 SJC enplanement data | Motive for Mission's breach | PM/EU |
| | 179 | Areas' certificate of commercial property insurance on premises | Premises are insurable | EU/XRT/KH/LL |
| | 180 | Areas' certificate of liability insurance (w/ workers compensation) | Premises are insurable | EU/XRT/KH/LL |
| | 181 | Areas' certificate of liability insurance (w/ liquor liability) | Premises are insurable | EU/XRT/KH/LL |

Dated:  December 4, 2012                                GREENBERG TRAURIG, LLP


By:  /s/ Denise M. Mayo
     Denise M. Mayo
     Attorneys for Plaintiff,
     AREAS USA SJC, LLC

PLAINTIFF'S TRIAL EXHIBIT LIST

# JOINT PRETRIAL
# STATEMENT AND REPORT

# EXHIBIT 6

1  Meryl Macklin (CA State Bar No. 115053)
   *meryl.macklin@bryancave.com*
2  Daniel T. Rockey (CA State Bar No. 178604)
   *daniel.rockey@bryancave.com*
3  BRYAN CAVE LLP
   560 MISSION Street, 25th Floor
4  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
5  Facsimile:    (415) 268-1999
6
7  Attorneys for Defendants:
   MISSION SAN JOSE AIRPORT, LLC and MISSION YOGURT, INC.
8
9               UNITED STATES DISTRICT COURT
10       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11  AREAS USA SJC, LLC, a California limited         CASE NO. CV11-04487 HRL
    liability company,
12                                                   **MISSION SAN JOSE AIRPORT, LLC AND
                                                     MISSION YOGURT, INC.'S TRIAL**
13                     Plaintiff,                    **EXHIBIT LIST**
14            v.                                     **Complaint Filed:  September 9, 2011**
                                                     **Trial Date: January 7,  2013**
15  MISSION SAN JOSE AIRPORT, LLC, a
    Colorado limited liability company, and
16  MISSION YOGURT, INC., a Colorado
    corporation,
17
18                     Defendants.
19
20
21
22
23
24
25
26
27
28

82730.2

1    Mission has reviewed the Exhibit list of Plaintiff Areas USA SJC, LLS ("Areas") and

2  incorporates by reference as if fully restated herein each of the exhibits set forth in that list, and

3  reserves the right to use and seek admission of each such document.  Mission lists below such

4  additional exhibits as it may use at the trial of this matter.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 250. | Email chain from S. Jackson to B. Smith, C. Mills, et al. dated 5/15/2009, Bates nos. LG000062-64 | Notice/Intent | S. Jackson |
| 251. | Email thread from S. Jackson to C. Chapman, A. Cottrell, and R. Barry dated 5/11/2009, Bates no. LG000065 | Notice./Intent | S. Jackson |
| 252. | Email from S. Jackson to C. Chapman dated 5/10/2009, Bates no. LG000066 | Notice/Intent | S. Jackson |
| 253. | Email thread from S. Jackson to C. Chapman, M. Tait, J. Jewett, et al., dated 5/8/2009, Bates nos. LG000067-68 | Notice/Intent | S. Jackson |
| 254. | Email thread from S. Jackson to C. Chapman, M. Taitt, R. Barry, J. Jewett, et al., dated 5/5/2009, Bates nos. LG000069-70 | Notice/Intent | S. Jackson |
| 255. | Email thread from S. Jackson to M. Taitt, and C. Chapman dated 5/4/2009, Bates nos. LG000071-72 | Notice/Intent | S. Jackson |
| 256. | Terminal A and Terminal B floor plans, Bates nos. LG000073-74 | Notice/Intent | S. Jackson |
| 257. | Legends Group LLC Invoice dated 3/9/2011, Bates nos. LG000075-76 | Damages | S. Jackson Roderick Tafoya |
| 258. | Legends Group LLC Invoice dated 6/5/2011, Bates nos. LG000077-92 | Damages | S. Jackson Roderick Tafoya |
| 259. | Accountants Compilation Report from Abacus Accounting Center dated 11/2/2012, Bates nos. MSJC000776-780 | Damages | Roderick Tafoya |
| 260. | Draft Accountants Compilation Report from Abacus Accounting Center dated 7/10/2012, Bates nos. MSJC0007881-785 | Damages | Roderick Tafoya |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 261. | Email chain from B. Albinson to B. Beattie, J. Loui, et al., dated 9/13/2010, Bates nos. FA000001-3 | Damages/Materiality | Custodian |
| 262. | Email chain from B. Albinson to G. Hidalgo and J. Loui, et al., dated 9/13/2010, Bates nos. FA000004-6 | Damages/Materiality | Custodian |
| 263. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000007-11 | Damages/Materiality | Custodian |
| 264. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000012-16 | Damages/Materiality | Custodian |
| 265. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000017-24 | Damages/Materiality | Custodian |
| 266. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000025-30 | Damages/Materiality | Custodian |
| 267. | Email chain from B. Albinson to J. Loui, et al., dated 9/13/2010, Bates nos. FA000031-32 | Damages/Materiality | Custodian |
| 268. | Email chain from B. Albinson to L. Moyaert, R. Franssen, et al., dated 9/1/2010, Bates nos. FA000033-34 | Damages/Materiality | Custodian |
| 269. | Email chain from B. Beattie to B. Albinson, G. Hidalgo, J. Loui, et al., dated 9/13/2010, Bates nos. FA000035-37 | Damages/Materiality | Custodian |
| 270. | Email chain from R. Franssen to J. Loui dated 8/30/2010, Bates no. FA000038 | Damages/Materiality | Custodian |
| 271. | Email chain from R. Franssen to L. Moyaert, et al., dated 8/30/2010, Bates no. FA000039 | Damages/Materiality | Custodian |
| 272. | Email chain from G. Hidalgo to B. Albinson, J. Loui, et al., dated 9/13/2010, Bates nos. FA000040-42 | Damages/Materiality | Custodian |

2

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 273. | Email chain from J. Jackson to K. Schmid, L. Moyaert, B. Albinson, R. Franssen, et al., dated 9/1/2010, Bates nos. FA000043-46 | Damages/Materiality | Custodian |
| 274. | Email chain from M. Lofano to J. Loui and K. Schmid dated 8/31/2010, Bates nos. FA000047-48 | Damages/Materiality | Custodian |
| 275. | Email chain from M. Lofano to J. Loui dated 9/10/2010, Bates nos. FA000049-53 | Damages/Materiality | Custodian |
| 276. | Email chain from M. Lofano to J. Loui dated 9/10/2010, Bates nos. FA000054-57 | Damages/Materiality | Custodian |
| 277. | Email chain from J. Loui to B. Albinson, M. Rotham, B. Beattie, G. Hidalgo, et al., dated 9/14/2010, Bates nos. FA000058-63 | Damages/Materiality | Custodian |
| 278. | Email chain from B. Albinson to M. Rotham, B. Beattie, G. Hidalgo, J. Loui, et al., dated 9/14/2010, Bates nos. FA000064-67 | Damages/Materiality | Custodian |
| 279. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000068-79 | Damages/Materiality | Custodian |
| 280. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000080-89 | Damages/Materiality | Custodian |
| 281. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000090-102 | Damages/Materiality | Custodian |
| 282. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000103-112 | Damages/Materiality | Custodian |
| 283. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000113-118 | Damages/Materiality | Custodian |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 284. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000119-135 | Damages/Materiality | Custodian |
| 285. | Email chain from J. Loui to B. Albinson, et al., dated 9/10/2010, Bates nos. FA000136-139 | Damages/Materiality | Custodian |
| 286. | Email chain from B. Albinson to A. Khattab, et al., dated 6/15/2012, Bates nos. LG000093-98 | Damages/Materiality | S. Jackson/D. Ludwig |
| 287. | Drawing entitled "Terminal A Floor 2 Version 9," Bates no. LG000099 | Damages/Materiality | S. Jackson/D. Ludwig |
| 288. | Drawing entitled "Preliminary Floor Plan" dated 11/22/2010, Bates no. LG000100 | Damages/Materiality | S. Jackson/D. Ludwig |
| 289. | Drawing entitled "Floor Plan," Bates no. LG000101 | Damages/Materiality | S. Jackson/D. Ludwig |
| 290. | Drawing entitled "Ceiling Plan," Bates no. LG000102 | Damages/Materiality | S. Jackson/D. Ludwig |
| 291. | Drawing entitled "Elevations," Bates no. LG000103 | Damages/Materiality | S. Jackson/D. Ludwig |
| 292. | New SJC Concept Study, Bates nos. LG000104-117 | Damages/Materiality | S. Jackson/D. Ludiwg |
| 293. | Letter to. J. Jackson from I. Tosk dated 1/5/2011, Bates nos. LG000118-119 | Damages/Materiality | S. Jackson/D. Ludwig |
| 294. | Concept Review Application Form, Bates nos. LG000120-121 | Damages/Materiality | S. Jackson/D. Ludwig |
| 295. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000122 | Damages/Materiality | S. Jackson/D. Ludwig |
| 296. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000123 | Damages/Materiality | S. Jackson/D. Ludwig |
| 297. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000124 | Damages/Materiality | S. Jackson/D. Ludwig |

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 298. | Architectural drawing regarding Schedule of Equipment, Bates no. LG000125 | Damages/Materiality | S. Jackson/D. Ludwig |
| 299. | Architectural drawing regarding Schedule of Equipment, Bates no. LG000126 | Damages/Materiality | S. Jackson/D. Ludwig |
| 300. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000127 | Damages/Materiality | S. Jackson/D. Ludwig |
| 301. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000128 | Damages/Materiality | S. Jackson/D.Ludwig |
| 302. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000129 | Damages/Materiality | S. Jackson/D. Ludwig |
| 303. | Architectural drawing regarding Elevations, Bates no. LG000130 | Damages/Materiality | S. Jackson/D. Ludwig |
| 304. | Architectural drawing regarding Elevations, Bates no. LG000131 | Damages/Materiality | S. Jackson/D. Ludwig |
| 305. | Picture of Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000132 | Damages/Materiality | S. Jackson/D.Ludwig |
| 306. | Drawing of cash registers, Bates no. LG000133 | Damages/Materiality | S. Jackson/D. Ludwig |
| 307. | Photo of Togo's, Bates no. LG000134 | Damages/Materiality | S. Jackson/D. Ludwig |
| 308. | Aerial drawing of space, Bates no. LG000135 | Damages/Materiality | S. Jackson/D. Ludwig |
| 309. | Annotated drawing regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000136 | Damages/Materiality | S. Jackson/D. Ludwig |
| 310. | Annotated drawing regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000137 | Damages/Materiality | S. Jackson/D.Ludwig |
| 311. | Photo of materials, chair, and lamp, Bates no. LG000138 | Damages/Materiality | S. Jackson/D. Ludwig |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 312. | Drawings regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000139-149 | Damages/Materiality | S. Jackson/D. Ludwig |
| 313. | Drawings regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000150-160 | Damages/Materiality | S. Jackson/D. Ludwig |
| 314. | New SJC Concept Study drawing, Bates no. LG000161 | Damages/Materiality | S. Jackson/D. Ludwig |
| 315. | New SJC Concept Study drawing, Bates no. LG000162 | Damages/Materiality | S. Jackson/D. Ludwig |
| 316. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000163 | Damages/Materiality | S. Jackson/D. Ludwig |
| 317. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000164 | Damages/Materiality | S. Jackson/Ludwig |
| 318. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000165 | Damages/Materiality | S. Jackson/Ludwig |
| 319. | Letter from K. Reynolds to W. Sherry dated 2/18/2010, Bates no. AUSA002054 | Notice/Intent | TBD |
| 320. | Email from P. McCue to E. Uribe dated 8/27/2012, Bates nos. AUSA002068 | Notice/Intent | Uribe |
| 321. | First Amendment to Retail Concession Agreement Between The City of San Jose and AMS-SJC JV, Bates nos. AUSA002069-2092 | Notice/Intent | Uribe |
| 322. | Email from X. Torello to F. Balli dated 5/27/2009, Bates nos. AUSA002200-2201 | Notice/Intent | X. Torello |
| 323. | Email from M. Taitt to E. Uribe and X. Torello dated 6/18/2009, Bates no. AUSA0002202 | Notice/Intent | Uribe |
| 324. | Email from H. Pham to P. McCue, I. Tosk, et al., dated 8/17/2009, Bates no. AUSA002203 | Notice/Intent | TBD |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 325. | Email from S. Jackson to M. Taitt and X. Torello dated 7/24/2009, Bates no. AUSA002204 | Notice/Intent | S. Jackson |
| 326. | Email from M. Levine to H. Pham dated 9/24/2009, Bates no. AUSA002205 | Notice/Intent | TBD |
| 327. | Email from E. Uribe to H. Pham and K. Weiss dated 10/1/2009, Bates no. AUSA002206 | Notice/Intent | TBD |
| 328. | Email chain from P. McCue to H. Pham dated 10/2/2009, Bates no. AUSA002207-2208 | Notice/Intent | TBD |
| 329. | Email chain from K. Weiss to H. Pham, et al., dated 10/10/2009, Bates nos. AUSA002209-2210 | Notice/Intent | TBD |
| 330. | Email chain from E. Uribe to X. Torello, H. Pham, K. Weiss, S. Jackson, et al., dated 11/2/2009, Bates nos. AUSA002211-2213 | Notice/Intent | TBD |
| 331. | Email from H. Pham to X. Torello, E. Uribe, and K. Reynolds dated 11/20/2009, Bates nos. AUSA002214-2217 | Notice/Intent | TBD |
| 332. | Email from G. Dixon to G. Hidalgo, K. Reynolds, et al., dated 12/14/2009, Bates nos. AUSA002218-2222 | Notice/Intent | TBD |
| 333. | Email from H. Pham to S. Jackson, G. Dixon, and E. Uribe dated 12/14/2009, Bates no. AUSA002223 | Notice/Intent | TBD |
| 334. | Email from H. Pham to E. Uribe, et al., dated 1/15/2010, Bates nos. AUSA002224-2225 | Notice/Intent | TBD |
| 335. | Email from H. Pham to K. Reynolds, E. Uribe, and X. Torello dated 2/1/2010, Bates nos. AUSA002226-2227 | Notice/Intent | TBD |
| 336. | Email from H. Pham to L. Vargas, et al., dated 2/12/2012, Bates nos. AUSA002228-2229 | Notice/Intent | TBD |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 337. | Email from H. Pham to K. Reynolds, et al., dated 3/2/2010, Bates nos. AUSA002230-2231 | Notice/Intent | TBD |
| 338. | Email chain from H. Pham to K. Reynolds, K. Weiss, and E. Uribe dated 3/5/2010, Bates nos. AUSA002232-2233 | Notice/Intent | TBD |
| 339. | Letter to W. Sherry from K. Reynolds dated 3/1/2010, Bates nos. AUSA002234-2235 | Notice/Intent | TBD |
| 340. | Email from R. Tafoya to H. Pham dated 12/29/2010, Bates no. AUSA002236 | Notice/Intent | TBD |
| 341. | Email chain from H. Pham to K. Reynolds and E. Uribe dated 3/23/2010, Bates nos. AUSA002237-2239 | Notice/Intent | TBD |
| 342. | Email chain from H. Pham to H. Nudell, J. Jewett, M. Reinoehl, C. Chapman, A. Cottrell, et al., dated 3/11/2010, Bates no. AUSA002240 | Notice/Intent | TBD |
| 343. | Letter to. E. Uribe from P. McCue dated 11/29/2012, Bates nos. AUSA002240-2243 | Notice/Intent | TBD |
| 344. | Areas financial results AUSA 2045 | Damages | Uribe |
| 345. | Areas financial results AUSA 2046 | Damages | Uribe |
| 346. | Areas financial results | Damages | Uribe |

By:  /s/ Daniel T. Rockey

Daniel T. Rockey

8

82730.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

1  Meryl Macklin (CA State Bar No. 115053)
   *meryl.macklin@bryancave.com*
2  Daniel T. Rockey (CA State Bar No. 178604)
   *daniel.rockey@bryancave.com*
3  BRYAN CAVE LLP
4  560 MISSION Street, 25th Floor
   San Francisco, CA  94105-2994
5  Telephone:  (415) 268-2000
   Facsimile:   (415) 268-1999
6
7  Attorneys for Defendants:
   MISSION SAN JOSE AIRPORT, LLC and MISSION YOGURT, INC.
8

9            UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11  | AREAS USA SJC, LLC, a California limited liability company, | CASE NO. CV11-04487 HRL |
12  | | |
    | | **MISSION SAN JOSE AIRPORT, LLC AND** |
13  | Plaintiff, | **MISSION YOGURT, INC.'S TRIAL** |
    | | **EXHIBIT LIST** |
14  | v. | |
    | | **Complaint Filed:  September 9, 2011** |
15  | MISSION SAN JOSE AIRPORT, LLC, a | **Trial Date: January 7,  2013** |
16  | Colorado limited liability company, and MISSION YOGURT, INC., a Colorado | |
17  | corporation, | |
18  | Defendants. | |

19
20
21
22
23
24
25
26
27
28

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mission has reviewed the Exhibit list of Plaintiff Areas USA SJC, LLS ("Areas") and incorporates by reference as if fully restated herein each of the exhibits set forth in that list, and reserves the right to use and seek admission of each such document.  Mission lists below such additional exhibits as it may use at the trial of this matter.

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 250. | Email chain from S. Jackson to B. Smith, C. Mills, et al. dated 5/15/2009, Bates nos. LG000062-64 | Notice/Intent | S. Jackson |
| 251. | Email thread from S. Jackson to C. Chapman, A. Cottrell, and R. Barry dated 5/11/2009, Bates no. LG000065 | Notice./Intent | S. Jackson |
| 252. | Email from S. Jackson to C. Chapman dated 5/10/2009, Bates no. LG000066 | Notice/Intent | S. Jackson |
| 253. | Email thread from S. Jackson to C. Chapman, M. Tait, J. Jewett, et al., dated 5/8/2009, Bates nos. LG000067-68 | Notice/Intent | S. Jackson |
| 254. | Email thread from S. Jackson to C. Chapman, M. Taitt, R. Barry, J. Jewett, et al., dated 5/5/2009, Bates nos. LG000069-70 | Notice/Intent | S. Jackson |
| 255. | Email thread from S. Jackson to M. Taitt, and C. Chapman dated 5/4/2009, Bates nos. LG000071-72 | Notice/Intent | S. Jackson |
| 256. | Terminal A and Terminal B floor plans, Bates nos. LG000073-74 | Notice/Intent | S. Jackson |
| 257. | Legends Group LLC Invoice dated 3/9/2011, Bates nos. LG000075-76 | Damages | S. Jackson Roderick Tafoya |
| 258. | Legends Group LLC Invoice dated 6/5/2011, Bates nos. LG000077-92 | Damages | S. Jackson Roderick Tafoya |
| 259. | Accountants Compilation Report from Abacus Accounting Center dated 11/2/2012, Bates nos. MSJC000776-780 | Damages | Roderick Tafoya |
| 260. | Draft Accountants Compilation Report from Abacus Accounting Center dated 7/10/2012, Bates nos. MSJC0007881-785 | Damages | Roderick Tafoya |

1

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 261. | Email chain from B. Albinson to B. Beattie, J. Loui, et al., dated 9/13/2010, Bates nos. FA000001-3 | Damages/Materiality | Custodian |
| 262. | Email chain from B. Albinson to G. Hidalgo and J. Loui, et al., dated 9/13/2010, Bates nos. FA000004-6 | Damages/Materiality | Custodian |
| 263. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000007-11 | Damages/Materiality | Custodian |
| 264. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000012-16 | Damages/Materiality | Custodian |
| 265. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000017-24 | Damages/Materiality | Custodian |
| 266. | Email chain from B. Albinson to J. Loui dated 9/14/2010, Bates nos. FA000025-30 | Damages/Materiality | Custodian |
| 267. | Email chain from B. Albinson to J. Loui, et al., dated 9/13/2010, Bates nos. FA000031-32 | Damages/Materiality | Custodian |
| 268. | Email chain from B. Albinson to L. Moyaert, R. Franssen, et al., dated 9/1/2010, Bates nos. FA000033-34 | Damages/Materiality | Custodian |
| 269. | Email chain from B. Beattie to B. Albinson, G. Hidalgo, J. Loui et al., dated 9/13/2010, Bates nos. FA000035-37 | Damages/Materiality | Custodian |
| 270. | Email chain from R. Franssen to J. Loui dated 8/30/2010, Bates no. FA000038 | Damages/Materiality | Custodian |
| 271. | Email chain from R. Franssen to L. Moyaert, et al., dated 8/30/2010, Bates no. FA000039 | Damages/Materiality | Custodian |
| 272. | Email chain from G. Hidalgo to B. Albinson, J. Loui, et al., dated 9/13/2010, Bates nos. FA000040-42 | Damages/Materiality | Custodian |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 273. | Email chain from J. Jackson to K. Schmid, L. Moyaert, B. Albinson, R. Franssen, et al., dated 9/1/2010, Bates nos. FA000043-46 | Damages/Materiality | Custodian |
| 274. | Email chain from M. Lofano to J. Loui and K. Schmid dated 8/31/2010, Bates nos. FA000047-48 | Damages/Materiality | Custodian |
| 275. | Email chain from M. Lofano to J. Loui dated 9/10/2010, Bates nos. FA000049-53 | Damages/Materiality | Custodian |
| 276. | Email chain from M. Lofano to J. Loui dated 9/10/2010, Bates nos. FA000054-57 | Damages/Materiality | Custodian |
| 277. | Email chain from J. Loui to B. Albinson, M. Rotham, B. Beattie, G. Hidalgo, et al., dated 9/14/2010, Bates nos. FA000058-63 | Damages/Materiality | Custodian |
| 278. | Email chain from B. Albinson to M. Rotham, B. Beattie, G. Hidalgo, J. Loui, et al., dated 9/14/2010, Bates nos. FA000064-67 | Damages/Materiality | Custodian |
| 279. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000068-79 | Damages/Materiality | Custodian |
| 280. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000080-89 | Damages/Materiality | Custodian |
| 281. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000090-102 | Damages/Materiality | Custodian |
| 282. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000103-112 | Damages/Materiality | Custodian |
| 283. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000113-118 | Damages/Materiality | Custodian |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---------|-------------|---------------------------|---------|
| 284. | Email chain from J. Loui to B. Albinson dated 9/14/2010, Bates nos. FA000119-135 | Damages/Materiality | Custodian |
| 285. | Email chain from J. Loui to B. Albinson, et al., dated 9/10/2010, Bates nos. FA000136-139 | Damages/Materiality | Custodian |
| 286. | Email chain from B. Albinson to A. Khattab, et al., dated 6/15/2012, Bates nos. LG000093-98 | Damages/Materiality | S. Jackson/D. Ludwig |
| 287. | Drawing entitled "Terminal A Floor 2 Version 9," Bates no. LG000099 | Damages/Materiality | S. Jackson/D. Ludwig |
| 288. | Drawing entitled "Preliminary Floor Plan" dated 11/22/2010, Bates no. LG000100 | Damages/Materiality | S. Jackson/D. Ludwig |
| 289. | Drawing entitled "Floor Plan," Bates no. LG000101 | Damages/Materiality | S. Jackson/D. Ludwig |
| 290. | Drawing entitled "Ceiling Plan," Bates no. LG000102 | Damages/Materiality | S. Jackson/D. Ludwig |
| 291. | Drawing entitled "Elevations," Bates no. LG000103 | Damages/Materiality | S. Jackson/D. Ludwig |
| 292. | New SJC Concept Study, Bates nos. LG000104-117 | Damages/Materiality | S. Jackson/D. Ludiwg |
| 293. | Letter to. J. Jackson from I. Tosk dated 1/5/2011, Bates nos. LG000118-119 | Damages/Materiality | S. Jackson/D. Ludwig |
| 294. | Concept Review Application Form, Bates nos. LG000120-121 | Damages/Materiality | S. Jackson/D. Ludwig |
| 295. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000122 | Damages/Materiality | S. Jackson/D. Ludwig |
| 296. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000123 | Damages/Materiality | S. Jackson/D. Ludwig |
| 297. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000124 | Damages/Materiality | S. Jackson/D. Ludwig |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 298. | Architectural drawing regarding Schedule of Equipment, Bates no. LG000125 | Damages/Materiality | S. Jackson/D. Ludwig |
| 299. | Architectural drawing regarding Schedule of Equipment, Bates no. LG000126 | Damages/Materiality | S. Jackson/D. Ludwig |
| 300. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000127 | Damages/Materiality | S. Jackson/D. Ludwig |
| 301. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000128 | Damages/Materiality | S. Jackson/D.Ludwig |
| 302. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000129 | Damages/Materiality | S. Jackson/D. Ludwig |
| 303. | Architectural drawing regarding Elevations, Bates no. LG000130 | Damages/Materiality | S. Jackson/D. Ludwig |
| 304. | Architectural drawing regarding Elevations, Bates no. LG000131 | Damages/Materiality | S. Jackson/D. Ludwig |
| 305. | Picture of Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000132 | Damages/Materiality | S. Jackson/D.Ludwig |
| 306. | Drawing of cash registers, Bates no. LG000133 | Damages/Materiality | S. Jackson/D. Ludwig |
| 307. | Photo of Togo's, Bates no. LG000134 | Damages/Materiality | S. Jackson/D. Ludwig |
| 308. | Aerial drawing of space, Bates no. LG000135 | Damages/Materiality | S. Jackson/D. Ludwig |
| 309. | Annotated drawing regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000136 | Damages/Materiality | S. Jackson/D. Ludwig |
| 310. | Annotated drawing regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000137 | Damages/Materiality | S. Jackson/D.Ludwig |
| 311. | Photo of materials, chair, and lamp, Bates no. LG000138 | Damages/Materiality | S. Jackson/D. Ludwig |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 312. | Drawings regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000139-149 | Damages/Materiality | S. Jackson/D. Ludwig |
| 313. | Drawings regarding Fresh Choice, Togo's, and Sip Savvy, Bates no. LG000150-160 | Damages/Materiality | S. Jackson/D. Ludwig |
| 314. | New SJC Concept Study drawing, Bates no. LG000161 | Damages/Materiality | S. Jackson/D. Ludwig |
| 315. | New SJC Concept Study drawing, Bates no. LG000162 | Damages/Materiality | S. Jackson/D. Ludwig |
| 316. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000163 | Damages/Materiality | S. Jackson/D. Ludwig |
| 317. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000164 | Damages/Materiality | S. Jackson/Ludwig |
| 318. | Architectural drawing regarding Fresh Choice, Sip Savvy, and Togo's, Bates no. LG000165 | Damages/Materiality | S. Jackson/Ludwig |
| 319. | Letter from K. Reynolds to W. Sherry dated 2/18/2010, Bates no. AUSA002054 | Notice/Intent | TBD |
| 320. | Email from P. McCue to E. Uribe dated 8/27/2012, Bates nos. AUSA002068 | Notice/Intent | Uribe |
| 321. | First Amendment to Retail Concession Agreement Between The City of San Jose and AMS-SJC JV, Bates nos. AUSA002069-2092 | Notice/Intent | Uribe |
| 322. | Email from X. Torello to F. Balli dated 5/27/2009, Bates nos. AUSA002200-2201 | Notice/Intent | X. Torello |
| 323. | Email from M. Taitt to E. Uribe and X. Torello dated 6/18/2009, Bates no. AUSA0002202 | Notice/Intent | Uribe |
| 324. | Email from H. Pham to P. McCue, I. Tosk et al., dated 8/17/2009, Bates no. AUSA002203 | Notice/Intent | TBD |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 325. | Email from S. Jackson to M. Taitt and X. Torello dated 7/24/2009, Bates no. AUSA002204 | Notice/Intent | S. Jackson |
| 326. | Email from M. Levine to H. Pham dated 9/24/2009, Bates no. AUSA002205 | Notice/Intent | TBD |
| 327. | Email from E. Uribe to H. Pham and K. Weiss dated 10/1/2009, Bates no. AUSA002206 | Notice/Intent | TBD |
| 328. | Email chain from P. McCue to H. Pham dated 10/2/2009, Bates no. AUSA002207-2208 | Notice/Intent | TBD |
| 329. | Email chain from K. Weiss to H. Pham, et al., dated 10/10/2009, Bates nos. AUSA002209-2210 | Notice/Intent | TBD |
| 330. | Email chain from E. Uribe to X. Torello, H. Pham, K. Weiss, S. Jackson, et al., dated 11/2/2009, Bates nos. AUSA002211-2213 | Notice/Intent | TBD |
| 331. | Email from H. Pham to X. Torello, E. Uribe, and K. Reynolds dated 11/20/2009, Bates nos. AUSA002214-2217 | Notice/Intent | TBD |
| 332. | Email from G. Dixon to G. Hidalgo, K. Reynolds, et al., dated 12/14/2009, Bates nos. AUSA002218-2222 | Notice/Intent | TBD |
| 333. | Email from H. Pham to S. Jackson, G. Dixon, and E. Uribe dated 12/14/2009, Bates no. AUSA002223 | Notice/Intent | TBD |
| 334. | Email from H. Pham to E. Uribe, et al., dated 1/15/2010, Bates nos. AUSA002224-2225 | Notice/Intent | TBD |
| 335. | Email from H. Pham to K. Reynolds, E. Uribe, and X. Torello dated 2/1/2010, Bates nos. AUSA002226-2227 | Notice/Intent | TBD |
| 336. | Email from H. Pham to L. Vargas, et al., dated 2/12/2012, Bates nos. AUSA002228-2229 | Notice/Intent | TBD |

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

| Ex. No. | Description | Purpose For Which Offered | Sponsor |
|---|---|---|---|
| 337. | Email from H. Pham to K. Reynolds, et al., dated 3/2/2010, Bates nos. AUSA002230-2231 | Notice/Intent | TBD |
| 338. | Email chain from H. Pham to K. Reynolds, K. Weiss, and E. Uribe dated 3/5/2010, Bates nos. AUSA002232-2233 | Notice/Intent | TBD |
| 339. | Letter to W. Sherry from K. Reynolds dated 3/1/2010, Bates nos. AUSA002234-2235 | Notice/Intent | TBD |
| 340. | Email from R. Tafoya to H. Pham dated 12/29/2010, Bates no. AUSA002236 | Notice/Intent | TBD |
| 341. | Email chain from H. Pham to K. Reynolds and E. Uribe dated 3/23/2010, Bates nos. AUSA002237-2239 | Notice/Intent | TBD |
| 342. | Email chain from H. Pham to H. Nudell, J. Jewett, M. Reinoehl, C. Chapman, A. Cottrell, et al., dated 3/11/2010, Bates no. AUSA002240 | Notice/Intent | TBD |
| 343. | Letter to. E. Uribe from P. McCue dated 11/29/2012, Bates nos. AUSA002240-2243 | Notice/Intent | TBD |
| 344. | Areas financial results AUSA 2045 | Damages | Uribe |
| 345. | Areas financial results AUSA 2046 | Damages | Uribe |
| 346. | Areas financial results | Damages | Uribe |

By:  /s/ Daniel T. Rockey

Daniel T. Rockey

8

82730.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MISSION SAN JOSE AIRPORT, LLC AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST
AREAS USA SJC, LLC v. MISSION SAN JOSE AIRPORT, LLC, et al.
Case No. CV-11-04487 HRL

82730.2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles CA 90067.**

On December 4, 2012, I served **JOINT PRETRIAL STATEMENT AND REPORT** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Daniel Rockey                                                     Attorney for Defendant
Meryl Macklin
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

Tel: (415) 286-1986
Fax: (415) 268-1999

☐   **(BY FEDERAL EXPRESS)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐   **(BY U.S. MAIL)**
I served the above-mentioned document by enclosing it in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for colleting and processing correspondence for mailing.

☒   **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/CMF system.

☒   **(FEDERAL)**          I declare under penalty of perjury that the foregoing is true and correct, and that I am Employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 4, 2012 at Los Angeles, California.

_____
**Harpo Sidhu**

---

PROOF OF SERVICE