1

2                                                        *E-FILED: December 11, 2012*

3

4

5                              NOT FOR CITATION

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                              SAN JOSE DIVISION

9    AREAS USA SJC, LLC,                        No. C11-04487 HRL

10             Plaintiff,                        **ORDER DENYING DEFENDANT'S**
         v.                                      **MOTION FOR LEAVE TO FILE**
11                                               **THIRD AMENDED ANSWER AND**
     MISSION SAN JOSE AIRPORT, LLC; ET           **COUNTERCLAIMS AND GRANTING**
12   AL.,                                        **DEFENDANT'S MOTION TO STRIKE**
                                                 **PLAINTIFF'S EXPERT**
13             Defendants.                       **DISCLOSURES**
     _____/
14                                               **[Dkts. 101, 107]**

15

16        Areas USA SJC, LLC ("Areas") sued Mission San Jose Airport, LLC and Mission Yogurt,

     Inc. (collectively "Mission") alleging breach of a concession contract ("the Subcontract") for the
17
     build-out and operation of concession space known as TA-21 ("the space" or "TA-21") in the
18
     Norman Y. Mineta San Jose International Airport.  Mission counterclaimed, alleging fraud in the
19
     inducement, contending that Areas made material misrepresentations about the viability of building
20
     out TA-21 as a food concession and failed to disclose material facts in an effort to induce Mission to
21
     enter the subcontract.  Fact and expert discovery have closed and the case is scheduled for trial in
22
     less than a month.  Mission moves for leave to file a third amended answer and counterclaims as
23
     well as to strike the "rebuttal experts" designated by Areas.  Areas opposes both motions.  The
24
     Court held a hearing on December 4, 2012.
25
          **A.  Motion for Leave to Amend**
26
          Mission seeks leave to add a counterclaim for breach of contract.  Mission alleges that Areas
27
     breached the Subcontract by failing to disclose an amendment to the prime contract between Areas
28
     and the City of San Jose.  The amendment concerns the reconfiguration of the space designated as

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   TA-21.  Although Mission concedes that it was aware of the reconfiguration before signing the

2   Subcontract, it claims that Areas concealed the reason for the reconfiguration.  For the reasons

3   stated on the record at the hearing, the Court denies Mission's motion for leave to file a third

4   amended answer and counterclaims as untimely and without merit.  Mission's theory supports its

5   counterclaim for fraud but does not provide the basis for a breach of contract claim.  The Court

6   does, however, deem the affirmative defenses amended pursuant to Mission's proposed Third

7   Amended Answer.  (Dkt. 101-1, pp. 6-8).

8   **B.  Motion to Strike**

9   Prior to the deadline for designating experts, Areas stated to Mission that it would not be

10  using experts in this case.  Areas stated this intent in explanation for its refusal to grant Mission's

11  request to extend the deadline for designating experts.  Consistent with its representation, Areas

12  disclosed no experts on the deadline for doing so.  When Mission designated its nonretained experts

13  by the deadline, Areas moved to exclude them on the basis that the experts were designated without

14  reports.  This Court denied that motion because the federal rules do not require reports from

15  nonretained experts.

16  On the deadline for designating rebuttal experts and reports, Areas disclosed three experts –

17  J. Howard Nudell, Kathleen Henning, and Lynee Lupkus.  Mission moves to strike these disclosures

18  as improper and untimely.

19  **1.  J. Howard Nudell**

20  Areas designated J. Howard Nudell as an expert "in architectural design and construction

21  administration of retail and commercial environments."  (Dkt. 108-1, Ex. F, p. 21).  The disclosure

22  did not include a report.  Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides:

23  [I]f the witness is one retained or specially employed to provide expert testimony in the case
    or one whose duties as the party's employee regularly involve giving expert testimony," then
24  the witness must provide a written report.  The report must contain:

25  (i) a complete statement of all opinions the witness will express and
26  the basis and reasons for them;
    (ii) the facts or data considered by the witness in forming them;
27  (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications
28  authored in the previous 10 years;

2

United States District Court

For the Northern District of California

1

2

3

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

4

Fed. R. Civ. P. 26(a)(2)(B).

5

6

7

8

9

10

11

12

13

14

15

The disclosure makes clear that Nudell is "retained or specially employed to provide expert testimony in the case," and that his disclosure is therefore subject to the requirements of Rule 26(a)(2)(B). He is the president of his own architecture firm, lives in Farmington Hills, Michigan, and was designated as an expert in "architectural design and construction administration of retail and commercial environments." (Dkt. 108-1, Ex. F) On October 23, 2012, Mission provided notice of its intention to move to exclude Areas' experts for failure to comply with the requirements of Rule 26(a)(2)(B). Expert discovery closed on October 24, 2012. Mission filed the motion to strike the expert disclosures the week after the close of expert discovery. The motion cited Areas' failure to provide a report as a basis for striking Nudell as an expert.

16

17

18

19

20

21

22

After great (and what should have been unnecessary) effort, Mission nonetheless arranged Nudell's deposition for Tuesday, November 13, 2012.[1] On the Saturday afternoon before the Tuesday opposition, Areas provided Nudell's "expert report." The two page report included vague references to some sources relied on in support of Nudell's opinions but did not include "the facts or data considered by the witnesses in forming them" or "any exhibits that [would] be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(C)(ii)-(iii). Monday, November 12, 2012,

23

24

25

26

27

28

---

[1] On October 24, 2012, Mission asked Areas to accept service of subpoenas for Areas' experts. The Court notes that Areas' disclosure stated that each expert could be contacted through Areas. Areas did not respond to the request to accept service and expert discovery closed that day. The subpoenas for Areas' experts were signed by the Clerk of Court on October 24. According to Areas, the subpoenas were not served on its experts until October 24th, 25th, and 29th. According to Mission, Mission had previously offered to accept service for its witnesses. (Dkt. 121, ¶ 11). Mission also states that service of the subpoenas was difficult because it was told that Nudell was out of town and would not return for a couple of weeks. (Id.) Multiple attempts at service were also required on the other experts. (Id.) After refusing to accept service on behalf of its experts, Areas threatened to file a motion to quash or move for a protective order on the basis that the subpoenas served on Henning and Lupkus were jurisdictionally improper. (Dkt. 121, Ex. H).

was a federal holiday.  The deposition proceeded as scheduled on Tuesday.  Nudell brought to the

deposition a "composite plan" that he had created using a diagram of the CTX machines, tenant

drawings, and airport drawings.  (Dkt. 121, Ex. E, pp. 91-92)  The composite plan had not been

previously produced and at the deposition Nudell could not identify the specific documents used to

create the composite plan.  (*Id.*)  During the deposition, Nudell stated that he was being retained at a

rate of $200/hour.  Nudell also revealed that he was officially retained on November 4, 2012 and

that he provided his report on November 9 – both dates *after* the deadline for expert designations

and reports, after the deadline for rebuttal expert designations and reports, and after the close of

expert discovery.  (*Id.* at pp. 85-86.)

In defense of this timing and the quality of the report, Areas argues that Mission stymied

Nudell's ability to provide an expert rebuttal report because there was no expert report to rebut.  The

Federal Rules of Civil Procedure belie this argument.  Mission was not required to provide a report

for its nonretained experts under Rule 26(a)(2)(C), and the production of an opponent's expert

report is not a pre-condition to Rule 26(a)(2)(B)'s requirement to provide a report.  Mission's

disclosures did not excuse or prevent Areas from making timely expert disclosures with reports.

The timing of the report violated this Court's Case Management Order and the Federal Rules

of Civil Procedure.  The untimely disclosure is also at odds with the position that Areas recently

took in this case – that Mission's experts should have been excluded for their failure to provide

timely reports.

Finally, Mission was prejudiced by the timing and quality of the report.  Mission received an

incomplete report on the Saturday afternoon of a holiday weekend.  It did not have a full, or even

partial, business day to analyze the report or confer with its own experts.  Trial in this case is set for

January 7, 2013.  Mission filed its motion to strike in a timely fashion and it was heard on December

4 – the due date for pretrial submissions in this case.  There is not enough time to cure Areas'

United States District Court
For the Northern District of California

1   insufficient disclosures while preserving the trial schedule. The Court excludes Nudell as an expert

2   witness because Areas was required to submit a timely report with its expert disclosures and its

3   failure to do so has prejudiced Mission.

4

5               **2.  Kathleen Henning and Lynee Lupkus**

6       Areas also disclosed Kathleen Henning and Lynee Lupkus on the deadline for designating

7   rebuttal experts. Areas identified Henning as Areas' insurance broker, who "may be called to testify

8   as to the current insurance coverage of the TA-21 space." (Dkt. 108, Ex. F, p.3.) Areas identified

9   Lupkus as a "marketing specialist who "may testify to placing Areas with the correct underwriter

10  based on Areas' insurance needs for TA-21." (*Id.*) Mission moves to exclude these witnesses

11  because they are not rebuttal experts. Mission did not disclose any experts on the subject of

12  insurance coverage, so there was no call for Areas to designate "rebuttal" experts on the same. For

13  the reasons stated on the record at the hearing, Henning and Lupkus may not testify as experts, but

14  the Court does not necessarily preclude their testimony as percipient witnesses.

15      IT IS SO ORDERED.

16  Dated: December 11, 2012

17                                          _____
                                            HOWARD R. LLOYD
18                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

5

**United States District Court**
For the Northern District of California

1    **C11-04487 HRL Order will be electronically mailed to:**

2    Karin Bohmholdt              bohmholdtk@gtlaw.com
     Scott Bertzyk               bertzyks@gtlaw.com
3    Denise Mayo                 mayod@gtlaw.com
     Daniel Rockey               daniel.rockey@hro.com
4    Meryl Macklin               meryl.macklin@bryancave.com

5    **Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28