1 GREENBERG TRAURIG, LLP
  SCOTT D. BERTZYK (SBN 116449)
2 DENISE M. MAYO (SBN 275561)
  1840 Century Park East, Suite 1900
3 Los Angeles, California 90067
  Telephone: (310) 586-7700
4 Facsimile: (310) 586-7800
  Email: *BertzykS@gtlaw.com*
5
  GREENBERG TRAURIG, P.A.
6 GERARDO RODRIGUEZ-ALBIZU (Admitted *Pro Hac Vice*)
  777 South Flagler Drive, Suite 300 East
7 West Palm Beach, Florida 33401
  Telephone: (561) 650-7900
8 Facsimile: (561) 655-6222
9 Attorneys for Plaintiff
  AREAS USA SJC, LLC
10
11
12                  **UNITED STATES DISTRICT COURT**
13                  **NORTHERN DISTRICT OF CALIFORNIA**
14
15 AREAS USA SJC, LLC, a California      | **CASE NO.  C11-04487 HRL**
   limited liability company,
16                                       | **PLAINTIFF AREAS USA SJC, LLC'S**
                Plaintiff,               | **OBJECTIONS TO DEFENDANTS**
17                                       | **MISSION SAN JOSE AIRPORT AND**
   vs.                                   | **MISSION YOGURT, INC.'S TRIAL**
18                                       | **EXHIBIT LIST**
   MISSION SAN JOSE AIRPORT, LLC, a
19 Colorado limited liability corporation; and   Date:        December 18, 2012
   MISSION YOGURT, INC., a Colorado     Time:        1:30 p.m.
20 corporation,                          Courtroom:   2
21                Defendants.            Judge:       Hon. Howard R. Lloyd
22                                       Complaint filed: September 9, 2011
                                         Trial date:      January 7, 2013
23
24 and related Counterclaim.
25
26
27
28

                 PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

**INTRODUCTION**

In accordance with the Court's Standing Order Re: Pretrial Preparation ("Standing Order"), Plaintiff Areas USA SJC, LLC ("Areas") hereby submits its Objections to Defendants Mission San Jose Airport, LLC and Mission Yogurt, Inc.'s ("Mission") Trial Exhibit List. Most of Mission's pretrial filings do not comply with the Court's Standing Order, and Mission's exhibit list is no exception.[1] Mission's exhibit list suffers from all of the following infirmities, and more:

Up front, Mission refuses to identify those deposition exhibits Areas identified on its exhibit list that Mission might want to introduce — simply reserving the right to try to introduce some unspecified exhibits — and fails to provide the other information required by the Court's Standing Order, such as purpose for which the exhibit is offered, and identity of the witness or witnesses through whom the exhibit would be introduced. This is important, because, as Areas' exhibit list expressly states, Areas may not actually seek to introduce all the exhibits listed, and most assuredly will pare down its list after motions *in limine* have been ruled upon. Without such information from Mission, Areas cannot possibly evaluate even what exhibits Mission would intend to offer that it has not specifically listed, much less whether it is possible to stipulate to admission for a limited purpose.

With the exception of documents produced by Fentress Architects (as to which some poor paralegal seems to have been given the task of identifying almost everything they produced), almost all Mission's remaining exhibits are exhibits Mission selectively produced just days before the pretrial submissions or, incredibly, that Mission did not produce until December 10. Such belated and selective productions and withholdings are the subject of a pending Areas' Motion *in Limine* (No. 1). Mission's description of the "purpose" for which documents will be offered is so conclusory as to be meaningless, and wholly insufficient to enable Areas to determine whether admission of a hearsay document would be appropriate for a limited purpose. Areas objects to having to do Mission's trial work by guessing at and stating possible limited purposes as to which admission might be proper.

---

[1] Nor did Mission comply with other aspects of the Standing Order, such as the Court's requirement that the meet and confer be conducted by lead trial counsel. The Court need only look at the Joint Statement submitted by the parties on December 4 to see that Mission's alleged lead trial counsel (Meryl Macklin) did not attend, and sent attorney Daniel Rockey in her stead.

1

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

In still other instances, Mission does not even try to identify a witness through whom its documents would be admitted.  In the case of Fentress, Mission simply identifies "Custodian"; but there is no Fentress custodian on Mission's witness list.

In short, Mission's exhibit list is a mess, and over the weekend, Mission decided to make it worse by indicating that it had omitted exhibits it now wishes to add.  As a courtesy, Areas has stipulated that, if the Court is so willing (and Areas can have additional time to review and tender appropriate objections Mission's supplemental designations), Mission may supplement its exhibit list. Objections to newly added exhibits must, of necessity, be added after Mission makes that supplemental filing.

Most of Mission's exhibits are objectionable for reasons noted in Areas' December 4, 2012, Motions *in Limine*.  Motion *in Limine* No. 1 raises the issue of withholding of documents by Mission and its representatives, and the exclusionary consequences of such withholding.  Motion *in Limine* No. 2 raises the issue of whether Mission should be allowed to introduce evidence or argument concerning the availability of insurance on the sublet premises.  Motion *in Limine* No. 3 raises the issue of the extent to which pre-space swap communications regarding prior TA-21 space may be used in this trial and, if so, what type of limiting instruction would be required.  Motion *in Limine* No. 4 raises the issue of bifurcation and exclusion of net worth evidence concerning Areas unless and until Mission obtains the required jury finding of oppression, fraud or malice (by clear and convincing evidence) to make punitive damages/net worth information relevant.  References to "MIL No. __" refer to these Motions *in Limine* and the legal reasoning stated therein.

## BACKGROUND FACTS

Before providing specific objections, Areas pauses up front to provide background information relevant to the specific objections stated below.  Mission's trial exhibit list identifies 4 categories of documents:

1.    Documents from The Legends Group

2.    Documents from Fentress Architects

3.    Documents from Mission

4.    Documents from Areas

2

1 | (*See* Dkt. No. 136, Ex. 6.)  Background facts concerning the first three categories of documents are set
2 | forth below.

3 | A.    **Documents from The Legends Group**

4 |       Many of the Legends Group documents on Mission's trial exhibit were only made available to
5 | Areas on the afternoon of December 10 (yesterday).  The remainder were produced only on the eve of
6 | pretrial filings.  Specifically, Exhibits 286 through 318, bearing the Bates prefix "LG" were not
7 | produced to Areas until yesterday afternoon — despite apparently being documents from The Legends
8 | Group, which Areas has subpoenaed no less than 3 times.  In fact, Areas sent timely document
9 | subpoenas to the very same two witnesses who Mission lists as sponsors of the undisclosed documents.
10 | And, to the extent that these proposed exhibits are relevant, they also should have been produced long
11 | ago, in response to Areas' broad document requests to Mission.  But, until yesterday, Mission had never
12 | produced Exhibits 286 through 318 to Areas.  At this juncture, the exhibits simply should be excluded
13 | sight unseen under Rule 37; regardless, Areas preserves any and all objections to those exhibits, which
14 | Areas obviously has not yet had an opportunity to carefully review.

15 |       So that the Court has a full appreciation of the games being played by Mission and Legends
16 | here, we pause to provide factual background and context.  In meeting and conferring over their
17 | proposed motions *in limine*, Areas' counsel indicated that Areas intended to bring motions *in limine*
18 | based on, among other things:  (i) Mission's and Legends' failure to produce build-out documents called
19 | for in discovery whose existence had been established by Areas; and (ii) Mission's failure to provide
20 | documents substantiating its supposed damages.  On December 3, 2012, Mission produced both Mission
21 | documents and Legends documents that previously had been withheld, largely to try to address Areas'
22 | proposed motion *in limine* for exclusionary relief based on Mission's failures to comply with its
23 | disclosure obligations concerning damages.  (Insofar as Legends is concerned, those exhibits now
24 | appear as Trial Exhibits 250-258; the belated production changes nothing, for reasons explained in MIL
25 | No. 1.)

26 |      On build-out issues, Legends and Mission continue to withhold.  The chronology is damning.
27 | During the parties' pretrial meet and confer on November 30, counsel for Mission indicated that he
28 |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

1 would have more Legends documents to produce in the very near future. The following Tuesday,

2 December 4, the day the parties' pretrial filings were due, Mission's counsel e-mailed Areas' counsel

3 and indicated that Areas would be receiving an unknown volume of additional Legends documents that

4 day (including drawings that Areas had requested in its February 21, 2012, RFPs to Mission and in its

5 timely document subpoenas to Legends as an entity and to two Legends employees Dan Ludwig and

6 Stanley Jackson). (Mayo Decl., Ex. 1.)[2]  At the same time, Mission's counsel stated his "assumption"

7 that Areas would pay Legends for retrieving these documents. (*Id.*)  Areas' counsel quickly replied that

8 Areas would not be giving Legends a blank check, but would reconsider the issue of reimbursement

9 after Areas received both the documents and proof of the retrieval cost. (*Id.*)  In response, Mission's

10 counsel (incorrectly referring to this untimely and mandatory production as "voluntary") suggested that

11 if Areas wasn't willing to agree in advance to paying an unknown sum for Legends' belated production,

12 Areas' counsel would need to fly to North Carolina in order to view the documents. (*Id.*)

13         Later that day, after the parties' December 4 hearing with the Court, Mission's counsel sent a

14 letter, via e-mail, to Areas' counsel, confirming that Mission would be filing motions *in limine*

15 "notwithstanding the ***substantial*** production of Legends documents that we have ***offered*** to produce to

16 you." (Ex. 2) (emphasis added).  By way of explanation for Mission's withholding of documents,

17 Mission's counsel wrote "(Denise [Mayo] (Areas' counsel) refused to agree to reimburse Legends for its

18 reasonable costs incurred in this additional, voluntary search.[3]  Legends will therefore hold the

19 documents and will make them available to you for your inspection at your convenience)."  To be clear,

20 requiring Areas' counsel to fly from Los Angeles to North Carolina in the weeks before trial is not at

21 our convenience.

22         Later that night, Mission filed its trial exhibit list, which included a substantial number of

23 documents, never before seen, with the prefix "LG."  Naturally, Areas wondered whether (i) these were

24

---

25 [2] Cites to "Ex. _" herein refer to the accompanying Declaration of Denise M. Mayo, filed concurrently
with these objections.

26

27 [3] This, of course, is an inaccurate characterization of Ms. Mayo's statement, which merely was that
Areas would not be giving Legends carte blanche without first seeing evidence of the actual search and
retrieval costs. (Ex. 1.)

28

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST
WPB 382,932,785v1 12-9-12

the same Legends documents that Legends is withholding from Areas because they were too costly to

retrieve, and (ii) if so, how Mission was able to obtain copies so easily.  So, Areas' counsel promptly

followed up.  (Ex. 3 ["Your letter indicates that Legends / Mission will withhold the documents until

Areas pays Legends some amount of money.  Is this your final position on the matter?"].)

　　　　In response, counsel for Mission (i) claimed to not be withholding documents, (ii) again insisted

that Areas' counsel travel to North Carolina to view the documents,[4] and (iii) asserted that Legends was

"under no legal obligation to provide any additional documents." (Ex. 3.)  The latter point, of course, is

false, as any documents in the possession of Mission's contractor on this space (Legends) are, by

definition, within the custody or control of Mission.  And, Areas has timely served countless requests

for productions on Mission calling for any such relevant documents; so, there absolutely is and was a

legal obligation for Mission to produce them.  In any case, Mission's counsel (perhaps realizing

Mission's trial exhibits were at risk of being excluded if Mission continued to refuse to disclose them)

offered that *some* of Legends' documents had been retrieved without out-of-pocket costs, and that those

documents would be produced to Areas on December 6, "free of charge." (Ex. 3.)

　　　　Around 8:30 p.m. on December 6, still having received none of the promised documents, Areas'

counsel e-mailed Mission's counsel asking about the status of the Legends production.  (Ex. 4.)

Mission's counsel wrote back and explained that he had changed his mind and would no longer be

producing any additional responsive Legends documents — ***even the ones on Mission's trial exhibit list***

***that Areas had never seen***[5] — unless Areas agreed to withdraw its MIL No. 1.  (*Id.*)  Needless to say,

Areas does not accede to extortion.  On December 10, 2012, Mission having failed at extortion, finally

provided copies of Exhibits 286-318.

　　　　With that background, Areas objects to Exhibits 286 through 318, on the grounds that Mission

has refused to timely disclose these documents to Areas.  Areas further preserves all rights to object to

---

[4] Mission's counsel stated that this position was "based on [Areas'] refusal to agree to reimburse Legends for actual out-of-pocket retrieval costs." (Ex. 3.)  Of course, as the Court may read for itself, Areas made no such refusal.  Rather, Areas' counsel merely suggested that it would first need to see the documents and proof of actual retrieval costs before agreeing to give Legends a blank check. (*See* Ex. 1.)

[5] And, even the "free" documents.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

1    the authenticity and admissibility of those documents, which Areas will not have time to review and
2    provide more focused objections to in advance of this filing.

3    **B.    Documents from Fentress Architects**

4           During discovery, Areas served a document subpoena on Fentress Architects, who complied by
5    producing 172 pages of documents, which Areas marked FA000001-FA000172 and promptly produced
6    to Mission.  For reasons that remain a mystery, Mission as listed the first 139 pages of the Fentress
7    production (a solid 80% of the documents), without interruption, leaving one to wonder if someone
8    simply was given the task of listing them all and ran out of time.  Indeed, one does not have to wonder:
9    Upon closer inspection, these 25 exhibits are repetitive iterations of a handful of e-mail chains; with care
10   and thought, Mission could have pared these 25 exhibits down to no more than 5 (i.e., the ones with the
11   most complete e-mail chains).

12          For what it is worth, Areas stipulated to the authenticity of these documents.  (*See* Dkt. No. 136
13   at 4-5.)  But, Mission has not properly identified a sponsoring witness for Exhibits 261 through 285.
14   Specifically, although Mission purports to be introducing these exhibits through Fentress's custodian,
15   Mission has failed to designate the custodian as a trial witness, and hence, cannot hope to establish the
16   evidentiary foundation necessary to admit any of these documents for any purpose.  (*See* Dkt. No. 136,
17   Ex. 4 [Mission's list of trial witnesses].)  They simply should be excluded now.  In the event the Court
18   wishes to inquire further, Areas' specific objections are listed below.

19   **C.    Documents from Mission**

20          Mission has designated as Exhibits 259 and 260 a small set of documents it produced to Areas
21   on the afternoon of December 3, and which Areas addressed in its Motion *in Limine* No. 1 to Exclude
22   Evidence Not Disclosed or Timely Produced.  Specifically, these two exhibits are draft (not final)
23   compiled financial statements compiled by an entity called Abacus Accounting Center, who expressly
24   discloses:  "***We are not independent with respect to Mission San Jose Airport, LLC.***"  Areas hereby
25   incorporates by reference its arguments for exclusion of this evidence as set forth in the specific
26   discussion of these documents in Areas' MIL No. 1, and objects to Exhibits 259 and 260 accordingly.
27   (Dkt. No. 145 at 6-9.)  These exhibits should be excluded for the reasons noted therein.

28

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST
WPB 382,932,785v1 12-9-12

D.   **Exhibits Mission Has Not Yet Identified Or Disclosed**

As the Court was informed through the parties' joint stipulation filed yesterday, Mission's exhibit list did not identify any of the exhibits previously marked in depositions as trial exhibits it may use, and the parties have submitted a stipulation for the Court's approval to give Mission leave to augment its exhibit list and Areas time to object.  (Dkt. No. 152.)  Because Mission, in discussions preceding the submission of this stipulation, has attempted to blame Areas for its own omissions — and doubtless will try to do so again — we set forth the actual facts below.

Areas had compiled a descriptive list of all deposition exhibits marked by either side to date, and formatted the list with columns to be filled in with the information required by this Court's Standing Order if a party wished to use one of those exhibits at trial.  As a professional courtesy, Areas' counsel e-mailed that document in word form to Mission's counsel, to use as counsel saw fit, as a starting point for crafting Mission's trial exhibit list.  In other words, Areas set things up so that Mission's counsel simply would have to:  (i) choose those deposition exhibits Mission wished to use and provide the rest of the information required by the Standing Order; (ii) delete those deposition exhibits Mission did not wish to use; and (iii) add those exhibits not previously marked as deposition exhibits, and provide the additional information required by the Standing Order.  (*See* Ex. 5 [Areas' counsel's e-mail to Mission's counsel and attached exhibit chart draft to be used "as a starting point" for each party drafting their respective exhibit lists].)  Mission chose to file a trial exhibit list disclosing only new exhibits, numbered 250 through 346.  (Dkt. No. 136, Ex. 6.)

Two days after the pretrial filings had been made, Mission's counsel wrote to accuse Areas of misleading him into thinking that Mission need only designate new exhibits, and that Areas would designate everything else.  (Ex. 4.)  Of course, the conclusion was completely irrational, as Areas actually had met and conferred over motions *in limine* directed towards many of those very exhibits.  On Saturday morning (December 8), Mission e-mailed Areas a new exhibit list containing 39 additional exhibits, numbered Exhibits 347 through 385, that Mission offered were documents already bearing deposition exhibit numbers (precisely which, Mission did not say); by Mission's own admission, the list

7

1  still did not contain all the information required by this Court's Standing Order.  (Ex. 7 [Mission's e-
2  mail and attached new exhibit list].)

3      Areas responded that Mission had no right to violate the Court's Standing Order, and the proper
4  procedure was to obtain leave of Court to augment its exhibit list; Areas even offered to agree to a
5  stipulation granting Mission relief, so long as (i) Areas got more time to object to Mission's untimely
6  submission, and (ii) Mission did not draft a stipulation that repeated its prior attempts to blame Areas for
7  Mission's failures.  (Ex. 8 [Areas' e-mail to Mission offering to join in on a stipulation and requesting
8  that Mission not draft it unfairly].)  Mission responded with a stipulation that mischaracterized the entire
9  sequence of events and tried to blame Areas.  (Ex. 9 [Mission's draft joint stipulation, attempting to
10 blame Areas for Mission's mistake].)  Ultimately, Areas' counsel had to rewrite much of the stipulation
11 to remove the unwarranted accusations, and at last the joint stipulation was filed yesterday.

12     What all of this means for the Court and the parties now is that there will be a very truncated
13 opportunity for Areas to review whatever new exhibits Mission adds to its trial exhibit list, and even less
14 time for the Court to consider Areas' objections.  Areas assures the Court it will work diligently to
15 analyze Mission's late-designated trial exhibits as quickly as possible, and will file its objections as soon
16 as it can (i.e., if possible, before the deadline in the stipulation and proposed order).  And, Areas hereby
17 preserves any and all objections to Mission's late-designated exhibits, numbered 347 and above (or
18 earlier exhibit numbers if Mission, with the benefit of time, does it right) until Areas has had an
19 opportunity to review Mission's supplementation.

20                              **SPECIFIC OBJECTIONS**

21     Areas does not object to the admission of the last page of Exhibits 262, and Exhibits 319, 321,
22 323, 324, 326, 327, 328, 329, 330 (only if Areas' witnesses are examined about the documents on the
23 stand), 331 (only if Pham is examined about the document on the stand), 333, 334, 335 (depending upon
24 ruling on MIL No. 3 and, again, only if Pham is examined about the document on the stand), 336, 337,
25 338, 339, 340, 341 (only as to first page) and 343.  As a result of the meet and confer process, Mission
26 withdrew the following trial exhibits:  264, 265, 266, 269, 270, 273, 275, 276, 277, 278, 279, 280, 281,
27 282, 283, and 285.  Thus, Areas' objections to those exhibits are not stated below.

28

                                          8

In addition to the General Objections stated above, Areas' specific objections to the remaining exhibits are set forth below, with references to Motions *in Limine*, where appropriate.

| Exhibit No. | Areas' Objections/Position |
|---|---|
| 250 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission. As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so. In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*. See MIL No. 1. **Hearsay. FRE 401, 403** for reasons noted in MIL No. 3. |
| 251 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission. As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so. In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*. See MIL No. 1. **Hearsay. FRE 401, 403** for reasons noted in MIL No. 3. |
| 252 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission. As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so. In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*. See MIL No. 1. **Hearsay. FRE 401, 403** for reasons noted in MIL No. 3. |
| 253 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission. As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so. In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*. See MIL No. 1. **Hearsay. FRE 401, 403** for reasons noted in |

9

| | MIL No. 3. |
|---|---|
| 254 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission.  As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so.  In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*.  See MIL No. 1.  **Hearsay.  FRE 401, 403** for reasons noted in MIL No. 3. |
| 255 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission.  As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so.  In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*.  See MIL No. 1.  **Hearsay.  FRE 401, 403** for reasons noted in MIL No. 3. |
| 256 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission.  As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so.  In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*.  See MIL No. 1.  **Hearsay.  FRE 401, 403** for reasons noted in MIL No. 3. |
| 257 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission.  As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is too late to do so.  In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*.  See MIL No. 1. |
| 258 | These documents were not timely produced, despite being called for by Rule 26, as well as formal discovery to Legends and Mission.  As a consequence of this untimely production, Areas has been deprived of an opportunity to depose appropriate witnesses, and it now is |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

| | | |
|---|---|---|
| 1<br>2 | | too late to do so.  In any event, these belated documents do not cure the problems raised by Areas' motion *in limine*.  See MIL No. 1. |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | 259 | These draft financials are inadmissible for a host of reasons noted in Areas' MIL No. 1, at 6-8.  Not only are they drafts compiled by an unknown accountant who is not on Mission's witness list (and not disclosed in discovery), but given the nature of compilations, such financial statements, even if final, could not be relied upon, as they merely publish hearsay of Mission management.  Further, the source documents necessary to test the accuracy of these financial statements have not been produced, as would be required by the Rules of Evidence.   Further, because the documents were not produced until long after the discovery cutoff, Areas has been denied the opportunity to depose their preparer(s) or, for that matter, Mission management concerning their content.  See MIL No. 1. |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 260 | These draft financials are inadmissible for a host of reasons noted in Areas' MIL No. 1, at 6-8.  Not only are they drafts compiled by an unknown accountant who is not on Mission's witness list (and not disclosed in discovery), but given the nature of compilations, such financial statements, even if final, could not be relied upon, as they merely publish hearsay of Mission management.  Further, the source documents necessary to test the accuracy of these financial statements have not been produced, as would be required by the Rules of Evidence.   Further, because the documents were not produced until long after the discovery cutoff, Areas has been denied the opportunity to depose their preparer(s) or, for that matter, Mission management concerning their content.  See MIL No. 1. |
| 21<br>22<br>23<br>24<br>25 | 261 | **Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."  The document is hearsay as to the purpose offered. Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed.  **Foundation** as to statements made by witnesses Mission is not calling. |
| 26<br>27 | 262 | **Cumulative. Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the |
| 28 | | |

11

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

| | |
|---|---|
| | purpose offered.  Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed. **Foundation** as to statements made by witnesses Mission is not calling.  **Areas does not object to admission of the last page of this exhibit -- a schematic drawing.** |
| 263 | **Cumulative.  Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the purpose offered.  Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed. **Foundation** as to statements made by witnesses Mission is not calling |
| 267 | **Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the purpose offered. Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed.  **Foundation** as to statements made by witnesses Mission is not calling. |
| 268 | **Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the purpose offered. Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed.  **Foundation** as to statements made by witnesses Mission is not calling. |
| 271 | **Cumulative.  Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the purpose offered.  Although Mission also claims the document is offered for "damages," there is nothing in the document to support any category of damages Mission has claimed. **Foundation** as to statements made by witnesses Mission is not calling. |
| 272 | **Cumulative.  Hearsay.**  Mission offers this hearsay document for "materiality," which is Mission-speak for "truth of the matter asserted."   The document is hearsay as to the purpose offered.  Although Mission also claims the document is offered for "damages," |

12

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

| | | |
|---|---|---|
| 1 | | there is nothing in the document to support any category of damages Mission has claimed. |
| 2 | | **Foundation** as to statements made by witnesses Mission is not calling. |
| 3 | 274 | **Cumulative. Hearsay.** Mission offers this hearsay document for "materiality," which is |
| 4 | | Mission-speak for "truth of the matter asserted." The document is hearsay as to the |
| 5 | | purpose offered. Although Mission also claims the document is offered for "damages," |
| 6 | | there is nothing in the document to support any category of damages Mission has claimed. |
| 7 | | **Foundation** as to statements made by witnesses Mission is not calling. |
| 8 | 284 | **Cumulative. Hearsay.** Mission offers this hearsay document for "materiality," which is |
| 9 | | Mission-speak for "truth of the matter asserted." The document is hearsay as to the |
| 10 | | purpose offered. Although Mission also claims the document is offered for "damages," |
| 11 | | there is nothing in the document to support any category of damages Mission has claimed. |
| 12 | | **Foundation** as to statements made by witnesses Mission is not calling. |
| 13 | 286-318 | Mission held these documents hostage under threat that Areas will either have to drop MIL |
| 14 | | No. 1 or fly to North Carolina if it wishes to see the documents. Amazingly, it has just |
| 15 | | produced them on December 10, claiming that the production is "voluntary." See Section |
| 16 | | A above. These documents were not timely produced, despite being called for by Rule 26, |
| 17 | | as well as formal discovery to Legends and Mission. As a consequence of this untimely |
| 18 | | production, Areas has been deprived of an opportunity to depose appropriate witnesses, |
| 19 | | and it now is too late to do so. In any event, these belated documents do not cure the |
| 20 | | problems raised by Areas' motion *in limine*. See MIL No. 1. |
| 21 | 320 | **Hearsay.** Mission claims to offer this for "notice/intent" but the way in which this would |
| 22 | | support notice and intent escape Areas (given that the document is authored by an Airport |
| 23 | | official) and was sent on August 27, 2012. **Foundation.** Mission has not listed the author |
| 24 | | as a witness, and he has not been deposed. Without the author to explain his words, this |
| 25 | | exhibit could not properly be admitted for any purpose. |
| 26 | 322 | **Hearsay.** Mission claims to offer this for "notice/intent," but there is no notice, and the |
| 27 | | only "intent" it shows is an "intent" not to build out the pre-swap TA-21 space (for reasons |
| 28 | | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

| | | |
|---|---|---|
| | | having nothing to do with issues over CTX machines, of which Areas was not even aware at this time). For these reasons, the exhibit also is objectionable under **FRE 401, 403**. |
| | 325 | **Hearsay.** Mission claims to offer this for "notice/intent," but there is no notice, and the only "intent" it shows is an "intent" not to build out the pre-swap TA-21 space (for reasons having nothing to do with issues over CTX machines, of which Areas was not even aware at this time). For these reasons, the exhibit also is objectionable under **FRE 401, 403**. |
| | 331 | See MIL No. 3. **FRE 401, 403**. |
| | 332 | **Hearsay.** Although offered for "notice/intent," this purpose plainly does not apply to this document. Indeed, it is a Legends document with a construction schedule. |
| | 335 | MIL No. 3. |
| | 341 | First page is fine, but rest of e-mail does not deal with this space. **Hearsay. FRE 401, 403.** |
| | 342 | **Hearsay. FRE 401, 403.** |
| | 344 | See MIL No. 4. **Also, FRE 401, 403.** |
| | 345 | See MIL No. 4. **Also, FRE 401, 403.** |
| | 346 | See MIL No. 4. **Also, FRE 401, 403.** |

## CERTIFICATION

I hereby certify that I met and conferred with counsel before filing these Objections, in accordance with the Court's Standing Order Re: Pretrial Preparation. As noted above, as a result of the meet and confer process, Mission withdrew the following trial exhibits: 264, 265, 266, 269, 270, 273, 275, 276, 277, 278, 279, 280, 281, 282, 283, and 285.

Dated: December 11, 2012                    GREENBERG TRAURIG, LLP


                                            By: /s/ Scott D. Bertzyk
                                               Scott D. Bertzyk
                                               Attorneys for Plaintiff,
                                               AREAS USA SJC, LLC

14

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST

WPB 382,932,785v1 12-9-12

1

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

3
I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles CA 90067**.

4

5
On December 11, 2012, I served **PLAINTIFF AREAS USA SJC, LLC'S OBJECTIONS TO DEFENDANTS MISSION SAN JOSE AIRPORT AND MISSION YOGURT, INC.'S TRIAL EXHIBIT LIST** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

6

7
Daniel Rockey                                    Attorney for Defendant
Meryl Macklin

8
BRYAN CAVE LLP
560 Mission Street, 25th Floor

9
San Francisco, CA 94105

10
Tel: (415) 286-1986
Fax: (415) 268-1999

11

12
☐       **(BY FEDERAL EXPRESS)**

13
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal

14
Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Santa Monica, California in the ordinary course of business. I

15
am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

16
☐       **(BY U.S. MAIL)**

17
I served the above-mentioned document by enclosing it in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with

18
this business's practice for colleting and processing correspondence for mailing.

19
☒       **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the

20
Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's

21
EC/CMF system.

22
☒       **(FEDERAL)**       I declare under penalty of perjury that the foregoing is true and correct,
                                          and that I am Employed at the office of a member of the bar of this Court

23
                                          at whose direction the service was made.

24
Executed on December 11, 2012 at Los Angeles, California.

25

26
                                                    _____
                                                    **Harpo Sidhu**

27

28

PROOF OF SERVICE